# BANK OF BRITISH COLUMBIA *v.* HARLOW AND PAGE.

### JUDICIAL SALE—CONFIRMATION—SURETIES ON APPEAL.

Under section 304 of the civil code, a purchaser at a judicial sale is entitled to the possession of the property when not in possession of a tenant holding over under an unexpired lease.

An undertaking upon an appeal from an order confirming the sale of real property, does not have the effect to defeat or suspend the right of a purchaser at a judicial sale to the possession of the property, or to continue the use and occupation of the property in the appellant, by providing, in addition to the payment of all costs, damages and disbursements, for the payment for such use and occupation not to exceed a certain sum, not ascertained and fixed by the court, but by the appellant.

The right to the possession of the property being in the purchaser, the appellant could only continue in the use and occupation of the premises until the appeal from the order of confirmation was heard, by some agreement with the purchaser; but the obligation of the sureties upon the undertaking includes no agreement of this character which renders them liable.

APPEAL from Multnomah.      The facts are stated in the opinion.

*W. H. Effinger*, for appellant.

This was a bond, under subdivision 2 of section 528 of the code. The decree of confirmation is an essential part of the decree of foreclosure. It completes it. Possibly this bond was not, in all its features, complete as such statutory undertaking, but such was its object, and substantially it was a good undertaking. The bank was entitled to the possession of the property, and this undertaking continued Page in possession. (*Smith* v. *Wiswall*, 2 Hall, 505; *Adams* v. *Bean*, 12 Mass., 137.)

*Shattuck & Killin*, for respondent.

The bank, as is truly stated in its complaint, was entitled to possession, from and after the sale. (Civil Code, sections 304, 413, 414.)

A bond or undertaking upon appeal can stay nothing

but execution on the judgment or decree appealed from, hence this undertaking to stay proceedings for possession is void, for want of consideration.     (21 Cal., 234; *Paddock* v. *Hume*, 6 Or., 82.)

Then an undertaking for stay of proceedings, as to possession of land cannot be given, and has no operation unless an order is made by the court or judge, fixing the amount of it. (Section 528, Civil Code.) In this case there was no such order.

By the Court. Lord, C. J.:

This is an action upon an undertaking on appeal.    The appellant foreclosed a mortgage executed by W. W. Page and others, upon certain lots described in the complaint, and a decree was rendered accordingly.    The lots were sold by the sheriff, and the plaintiff became the purchaser and entitled to the possession thereof.    Subsequently the circuit court confirmed the sale, and Page appealed from the order of confirmation to the supreme court, and in order to prosecute his said appeal, filed an undertaking, with the respondent and Gleason as sureties, whereby, among other things, and in addition to becoming bound for damages, costs and disbursements, to be recovered in the supreme court, it is alleged that the sureties did undertake and agree that if the said order of confirmation, or any part thereof, should be affirmed by the supreme court, that then the said Page, appellant, should pay to the plaintiff the value of the use and occupation of said premises, from the time of said appeal, to wit: from the 2d day of July, 1878, until the delivery of possession of said premises to the plaintiff, not to exceed the sum of five hundred dollars.    That said Page continuously occupied said premises from July 2, 1878, until October 2, 1879; that the reasonable value of such occupation is the sum of four hundred and fifty dollars, and that payment has been demanded and refused.    The circuit court sustained a general demurrer, and rendered judgment, from which appellant appeals to this court.

The undertaking upon which this action was brought, was evidently drawn under section 528, subdivision 2, civil code. That section provides that the undertaking of the appellant shall be given, with one or more sureties, to the effect that the appellant will pay all costs, damages and disbursements which may be awarded against him on the appeal, but such undertaking does not stay proceedings unless the undertaking provides that, if the judgment or decree appealed from be for the recovery of the possession of real property, or for a partition thereof, or the foreclosure of a lien thereon, that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and if such judgment or decree, or any part thereof, be affirmed, the appellant will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding a sum therein specified, to be ascertained and fixed by the court or judge thereof.

From the complaint it appears that the undertaking not only provides for all costs, damages and disbursements which may be awarded against the appellant, but for the purpose of continuing the use and occupation of the premises by appellant, it further undertakes that if the order of confirmation should be affirmed, to pay to the plaintiff the value of the use and occupation thereof.

For the purpose of staying proceedings and continuing the use and occupation in the appellant, under subdivision 2 of section 528, the instances in which the undertaking shall provide for the payment of the use and occupation of the property are confined to the cases specified, namely, when the judgment or decree appealed from is for the recovery of the possession of real property, or for a partition of real property, or for the foreclosure of a lien on real property, and the amount is to be ascertained and fixed by the court. In all these cases the possession of the real property remains in the appellant, upon the filing of such undertaking on appeal,

until the matter is finally adjudicated in the supreme court. In such cases, too, the appeal is from the judgment or decree, the reversal of which is sought for some alleged error.

Now, the undertaking upon which this action is brought was not for any of the cases specified above. There was no appeal from the decree for the foreclosure of the lien upon the lots. The validity of the decree, or the grounds upon which it was rendered, are not questioned. The lots were sold by the sheriff, by virtue of an execution under the decree, and the appellant became the purchaser, and at the ensuing term of the court moved and obtained an order of confirmation, from which Page appealed, and filed the undertaking upon which this action is brought.

The objection to the order of confirmation was from some irregularity in the sale, and if the objection had been sustained and the order of confirmation reversed, it would in no wise have affected the decree; it would only have vacated the sale and necessitated a re-sale of the lots. After the sale under the decree, Page was not entitled to the possession of the lots. Section 304 of the civil code regulates the matter of possession of property sold upon execution, whether upon judgments at law or decrees in equity. That section provides that "the purchaser, from the day of sale until a re-sale, or a redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding over under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents, or the value of the use and occupation thereof, during the same period." From this section it is plain that the appellant in this action was entitled to the possession of the property, for it was not in the possession of a tenant holding over under an unexpired lease. Page could only continue in the use and occupation of the property after the sale by the consent of the purchaser.

In *Cartwright* v. *Savage,* 5 Oregon, 399, the court say,

that "By virtue of this right of possession, a purchaser at a judicial sale may enter and use and occupy the premises and thereby preserve the premises intact, and better prevent waste and destruction."

The undertaking filed could in no wise affect the possession, or the right of possession, of the purchaser; nor did it confer upon Page any right to continue in the possession. If the purchaser had gone into possession of the premises after the sale, and was in the possession at the time of the order of confirmation, it would hardly be contended that this undertaking would have entitled Page to the possession; or, if Page, after the sale, had refused to yield up the possession, and the purchaser had instituted proceedings to recover the possession, that the undertaking would have been any defense to his right to the recovery of possession of the premises.

From the day of sale until a re-sale the purchaser was entitled to the possession, and if Page desired to continue in the possession until the appeal from the order of confirmation could be heard, he could only do so by some arrangement or agreement with the purchaser. He could not defeat the purchaser's right to the possession, or continue his own use and occupation by including such additional matter in the undertaking as is made the ground of action in this complaint. The judgment of the circuit court is affirmed.

Judgment affirmed.