STATE OF MISSOURI, EX REL. M. A. ROSENBLATT, Defendant in Error, *v.* WILLIAM STILL ET AL., Plaintiffs in Error.

### December 13, 1881.

1. In construing a sheriff's return, the construction most favorable to his having performed his duty should be given.

2. A sheriff's return from which it appears with reasonable certainty that the officer did what the law requires, is sufficient.

3. A judgment will not be reversed because it is slightly in excess of the amount claimed in the petition, where the attention of the trial court was not called thereto.

ERROR to the St. Louis Circuit Court, THAYER, J.
*Affirmed.*
DRYDEN & DRYDEN, for the plaintiffs in error.
KING & CHAPIN, for the defendant in error.

BAKEWELL, J., delivered the opinion of the court.

This is an action under the revenue law of 1877, to enforce against the land described the lien of back taxes for the years 1874 and 1876. William Still and Annie Still, Joseph T. Donovan, and Francis W. Foley were made defendants. The petition prays judgment for $69.03, with

interest from January, 1877, at ten per cent per annum, together with two per cent on the amount as a fee for the collector, fifty cents as a fee to the register, and ten per cent on the taxes and interest as a fee to plaintiffs' attorney. There was a default against the defendants, and judgment on June 18, 1878, which was declared a first lien upon the real estate described, and the property was ordered to be sold to satisfy the same. On February 10, 1881, defendants William Still and Annie Still, as to whom it is alleged in the petition that they are husband and wife, moved to vacate the judgment, on the ground that they were not served with process and had no legal notice of the proceedings. The motion was overruled, and the cause is brought here by writ of error.

1. The return of the sheriff is as follows : "Executed this writ in the city of St. Louis on the 16th of May, 1878, by delivering a copy of the writ and petition as furnished by the clerk to the within-named defendant Jos. T. Donovan, and a copy of the writ as furnished by the clerk to Francis W. Foley, and by leaving a copy of the writ as furnished by the clerk at the usual place of abode of William Still and Annie Still, with a person of each of their family over the age of fifteen years. Fees, $4."

The statute provides (Rev. Stats., sect. 3849), that "the summons shall be executed where there are several defendants, by delivering to the defendant first summoned a copy of the petition and writ, and to such as shall be subsequently summoned, a copy of the writ ; or by leaving such copy at the usual place of abode of the defendant, with some person of his family over the age of fifteen years ; " and (sect. 3492) the officer "shall make return in writing of the time, place, and manner of service of such writ, and shall sign his name to such return."

The return of an officer ought to receive every reasonable intendment and construction, and, where it is susceptible of different meanings, that meaning should be adopted

which is most conformable to his legal duty.    The question must be, whether, by a rational construction of the return, the requisite facts appear.    Neither the statute, nor any decision, requires the return to be made in the literal and precise language of the statute.    The sheriff's return being only to show the truth of the matter to the court, it was held that it did not require the certainty of common-law pleading, and such is the doctrine of the old writers upon the common law.    And, where there is some ambiguity about the return, it is now held that, as the sheriff acted officially, the construction most favorable to his having discharged his duty should be given.    If the facts which constitute legal service are shown with reasonable certainty by such a construction, that is enough to sustain the judgment in this respect.    *Corby* v. *Bartard*, Litt. Sel. Cas. 137 ; *Davis* v. *Burt*, 7 Iowa, 56 ; 11 Ind. 382 ; *Whittelsey* v. *Starr*, 8 Conn. 134.

We have no doubt, from reading this return, that the sheriff meant to say that he did what he charged fees for doing ; that is, that he left four copies of the writ, one with Donovan, one with Foley, and two with a person who was a member of the family of William Still and also a member of the family of Annie Still.    The deputy who made the return is unhappy in his use of language, and has got his distributive in the wrong place ; but, on consideration, we are of opinion that there can be no doubt of his meaning, that he left a copy each for William and his wife, — that is, two copies, — at their usual place of abode, with a person a member of the family of William and of his wife.

In *Martine* v. *Hargadine* (46 Ill. 322), it was insisted that the sheriff's return upon the summons only showed service of one copy upon all the defendants.    The sheriff returned that he had served the writ " by reading and delivering a true copy of the same to the within-named Leah Orenduff, Joseph Orenduff, and George Orenduff."    He charged on the margin, fees for three copies.    The supreme

court says : " The taxing of the costs is a part of his offi-
cial return, and removes all doubt upon the point raised."

2. It is claimed that the judgment is excessive by the
amount of one dollar and eighty-four cents. It may be
that some such small sum is included in the judgment,
which, under the statute, should have been taxed as costs.
If this is all, the result to defendants is the same. But, if
the judgment were clearly in excess of the sum demanded,
to the amount of one dollar and eighty-four cents, we would
not, under the circumstances of this case, interfere. The
alleged excess is so insignificant that we will not perform
the calculation necessary to see if there is any excess or no.
*Allen* v. *Bank*, 4 Mo. App. 71. And the parties inter-
ested should have applied in time for relief, to the court
below.

The judgment is affirmed. Judge LEWIS is absent ;
Judge THOMPSON concurs.