[No. 19550.  In Bank.—January 3, 1895.]

PAUL BOOB ET AL., RESPONDENTS, *v.* LAVINIA HALL ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—APPEAL—BOND—STAY OF EXECUTION—CON-STRUCTION OF CODE.—The only provision of the code applicable to the matter of a bond for the stay of execution of an order of sale, upon appeal from a decree foreclosing a mortgage, is found in section 945 of the Code of Civil Procedure, and section 942 of that code, which requires a bond in double the amount of the judgment, is not applicable where there is no personal judgment against the defendant.

ID.—BOND FOR DEFICIENCY—POWER OF JUDGE TO FIX AMOUNT.—Under section 945 of the Code of Civil Procedure the judge of the court has power to fix the amount of the bond, on appeal from a decree of fore-closure, in all the three matters mentioned in the section, namely: waste, use and occupation, and deficiency.

MOTION in the Supreme Court to set aside a fore-closure sale under a judgment of the Superior Court of

San Bernardino County and to restrain the execution of a sheriff's deed.

The facts are stated in the opinion of the court.

*Goodcell & Leonard,* for Appellants.

*George B. Cole,* for Respondents.

McFarland, J.—This is an action to foreclose a mortgage in which a decree of foreclosure was rendered for plaintiffs, from which defendants have appealed. The sheriff sold the property, and is about to give a deed to the purchaser; and this case is now before us on a motion of defendants to set aside the sale, and restrain the sheriff from executing a deed, upon the ground that defendants have given an undertaking on appeal which stays execution. The undertaking is in the penal sum of one thousand dollars, and provides that, in case the judgment is affirmed, the appellants will not suffer waste, and will pay the value of the use, etc., of the premises, and also any deficiency that may arise upon the sale; and the undertaking recites that the said one thousand dollars is the amount fixed by the judge of the court to include the said deficiency.

There is certainly no provision of the code applicable to the matter of a bond for a deficiency judgment upon appeal from a decree foreclosing a mortgage other than section 945 of the Code of Civil Procedure; section 942, which requires a bond in double the amount of the judgment, is clearly not applicable. It refers solely to a judgment *in personam* for a certain sum of money, and provides that upon affirmance on appeal the sureties must pay the whole amount, or have personal judgment entered against them therefor. It is obvious that such a provision could not apply to sureties on a bond for an unascertained deficiency. Nor is there any other section of the code which throws any light on the question here involved.

Section 945 is as follows: " If the judgment or order

appealed from direct the sale or delivery of possession
of real property, the execution of the same cannot be
stayed unless a written undertaking be executed on the
part of the appellant, with two or more sureties, to the
effect that during the possession of such property by
the appellant he will not commit, or suffer to be com-
mitted, any waste thereon, and that if the judgment be
affirmed, or the appeal dismissed, he will pay the value
of the use and occupation of the property from the
time of the appeal until the delivery of possession
thereof, pursuant to the judgment or order, not exceed-
ing a sum to be fixed by the judge of the court by which
the judgment was rendered or order made, and which
must be specified in the undertaking. When the judg-
ment is for the sale of mortgaged premises, and the
payment of a deficiency arising upon the sale, the un-
dertaking must also provide for the payment of such
deficiency."

This is the section—and the only section—which
provides for a stay bond on appeal from a judgment
which directs "the sale . . . . of real property," and
particularly "the sale of mortgage premises and the
payment of a deficiency arising upon the sale." The
only question is as to how the amount of the bond for
deficiency is to be fixed—if it is to be fixed at all; and
the answer to the question is not entirely free from
difficulty. After mature consideration, however, our
conclusion is that the legislature, when framing section
945 intended to give to the judge the power to fix the
amount of the bond in all the three matters mentioned
in the section, namely: waste, use and occupation, and
deficiency. They are all in the same section, and are
being dealt with as one group. If the last sentence,
referring to deficiency, had been put into the section at
a place preceding the words "to be fixed by the judge,"
or if it had not followed a period and commenced with
a capital, there would have been no doubt on that sub-
ject. But its mere position in the section does not
make it independent of the preceding clause, which is

naturally as applicable to it as to any other clause therein. Moreover, as the code nowhere else provides a way for fixing the amount of a deficiency bond, and as the universal rule of the code is to fix the amounts of statutory bonds, or to provide how they shall be fixed, we are not to suppose that the legislature intended to leave a hiatus in this instance, unless we are necessarily driven to that conclusion. We find no decisions directly in point.

When the case of *Englund* v. *Lewis*, 25 Cal. 337, was decided, although the law of procedure differed in many respects from our present code, section 352 of the Practice Act was in the exact language of section 945 of the code; and in that case, although the point was not raised or discussed, counsel and court seemed to assume that the amount of a deficiency bond should be fixed by the judge. The court in its opinion says: "They also, in proper time, executed and filed their undertaking on appeal, having first applied to the judge of the court for, and obtained, an order under section 352 of the Practice Act, fixing the amount of the undertaking at two thousand dollars to stay waste and secure the value of the use and occupation of the premises ordered to be sold, *and* to pay any deficiency unpaid upon said judgment, etc. The appeal *thus perfected* was passed upon by the supreme court," etc.

Under the code the amount of the bond must be fixed by the judge, or it must be in general terms without stating any amount at all, which would be out of harmony with all the other provisions of the code. Moreover, in such case, in what amount would the sureties be called upon to justify? In that event the judge would have to fix the amount of the justification, which would be doing in substance the very thing denied him in the first instance.

In *Englund* v. *Lewis*, 25 Cal. 337, it was held that the judgment there under review was a dual judgment, one at law *in personam* for a sum of money, and one in equity decreeing the enforcement of a vendor's lien.

It was first adjudged that " plaintiff do have and recover
from said defendants the sum of " three thousand two
hundred and five dollars, with costs, etc.; and then fol-
lowed a decree in equity declaring and providing for
the enforcement of the lien.   It was held that, under
the law then obtaining, such a judgment might be
entered even in case of a mortgage, and that the per-
sonal judgment was entirely distinct from the decree,
and might be enforced immediately by a *fieri facias*,
without regard to the sale of the mortgaged premises.
Therefore, it was held that a bond on appeal against
waste, deficiency, etc., while it stayed the decree of sale,
did not stay the personal judgment, and that the latter
could be stayed only by giving a bond in double the
amount of the judgment.   Whether such a judgment
could be properly rendered in an action to foreclose a
mortgage under section 726 of the Code of Civil Pro-
cedure, and the construction put upon it by decisions
of this court, is a question which does not here arise;
for the judgment in the case at bar is not of that char-
acter, either in form or substance.   It merely follows
the form now in common use, and, after reciting that a
certain sum is due upon the debt and mortgage, imme-
diately proceeds to order, adjudge, and decree that the
mortgaged premises be sold, the proceeds applied to
costs, counsel fees, etc., and the sum due with interest;
and that if there be any deficiency after the sale " a
judgment of this court be docketed," etc.   There was
no judgment which could be enforced by common exe-
cution.   The defendants were therefore required to give
no stay bond other than one for waste, occupation, and
deficiency; and the amount of the deficiency could not
be ascertained until after the application of the pro-
ceeds of the sale.   It would be great injustice to require
an appellant in such a case to give a bond in double
the amount of the sum for which the premises are to
be sold, for they might be ample security for twice that
sum.   It appears, for instance, that in the case at bar
the premises sold for the full amount found due.

It is ordered that all proceedings in this case be stayed until the determination of the appeal herein, and that the sheriff of San Benito county be, and he hereby is, enjoined and restrained from executing a deed of conveyance to the purchaser or purchasers of the mortgaged premises under the sale thereof heretofore made.

Garoutte, J., Van Fleet, J., and Fitzgerald, J., concurred.

Harrison, J., dissenting.—To hold that under section 945 the judge may fix the amount of the undertaking for the deficiency required, in order to stay proceedings upon an appeal from a judgment for the sale of mortgaged premises, is to make a law, rather than to give construction to a law that has been enacted by the legislature. The legislature has given the judge authority to fix the amount of such undertaking for only two purposes, viz., to secure the respondent against waste, and for the recovery of the value of the use and occupation in case the judgment is affirmed. Where the judgment is for the sale of mortgaged premises an undertaking for the value of the use and occupation is not required (*Englund* v. *Lewis*, 25 Cal. 354), and, consequently, no order fixing the amount is proper. The legislature has said in clear and unambiguous language that "when the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of such deficiency." This is an absolute requirement, and cannot be limited by any order of the judge. To give to this clause the construction that, instead of providing for the payment of the deficiency—that is, the whole deficiency—the undertaking need provide for the payment of only such sum as the judge may determine will be the deficiency, is to interpolate into the clause a provision that the legislature has not made, and to give to the appellant a stay of proceedings with-

out securing to the respondent the means of satisfying his judgment. In the present case the judge did not make any order fixing an amount for which an undertaking should be given to secure payment of the deficiency; but made an order fixing "the amount of the undertaking upon such appeal to stay the execution of said judgment under and for the purposes of section 945 of the Code of Civil Procedure," in the sum of one thousand dollars.

Whether it is a hardship upon an appellant to require an undertaking for the deficiency, in addition to holding the mortgaged premises as security for the judgment, is for the legislature to determine. Whether the execution of such judgment shall be stayed pending an appeal, without any security, or whether the appellant shall be compelled to give security, and, if so, the amount thereof in order to entitle him to such stay, are matters purely of legislative control. It may be added, however, that the liability upon an undertaking for the deficiency will be no greater than the disparity between the value of the mortgaged premises and the amount of the judgment, and that, if they are of greater value than the amount of the judgment, there would be no liability upon such undertaking. If their value is insignificant, or if they are not of as great a value as the amount of the judgment, the respondent is entitled to an undertaking which will fully guarantee to him the collection of his judgment, as much as in the case of an appeal from an ordinary money judgment. If, upon the appeal, the money portion of the judgment should be affirmed, but it should be held that it is not secured by the mortgage, the respondent would not be fully secured by the undertaking. The rule laid down in *Englund* v. *Lewis*, 25 Cal. 337, has been followed for upwards of thirty years, and, if it is to be changed, it should be done by legislative act, rather than by judicial decision.