[No. 2614. Decided May 26, 1897.]

NORTHWESTERN AND PACIFIC HYPOTHEEK BANK, *Respondent*, v. DOUGLASS GRIFFITTS, *Appellant*.

APPEAL — STAY BOND — SUFFICIENCY OF.

A stay bond conditioned that appellant " will abide the order of the court on such appeal, and pay all rents and other damages accruing to the plaintiff during this appeal, not exceeding the amount of four hundred dollars," etc., substantially accords with the requirements of Laws 1893, p. 123, § 7, which provides that " an appeal bond shall not stay proceedings on the judgment or order appealed from . . . unless the original or a subsequent appeal bond be further conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, . . . and, (where such condition is applicable), shall pay all rents of or damages to property accruing during the pendency of the appeal, out of the possession of which any respondent shall be kept by reason of the appeal."

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.

*W. A. Lewis,* and *Thomas C. Griffitts,* for appellant.
*Blake & Post,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent recovered judgment in the superior court of Spokane county for the possession of certain real premises and rent thereof. From this judgment the cause was appealed to this court, and, in addition to the necessary cost bond, appellant gave a further bond intended to operate as a stay or supersedeas. The respondent moved against the last named bond in the lower court, but its exceptions were overruled and the bond held sufficient, both in form and substance. Thereupon respond-

ent moved this court " for an order setting aside and holding void and of no force and effect the bond given by the appellant as a stay bond or a supersedeas bond, and for an order for a writ of restitution."

The contention is that the bond in question was given under the provisions of § 568, Code Proc. (2 Hill's Code), regulating the procedure in actions of forcible entry and detainer.    That section is as follows:

" If either party feels aggrieved by the judgment he may appeal to the supreme court, as in other civil actions; *provided*, that if the defendant appealing desires a stay of proceedings pending such appeal, he shall execute and file a bond, with two or more sufficient sureties to be approved by the judge, conditioned to abide the order of the court on such appeal, and to pay all rents and other damages justly accruing to the plaintiff during the pendency of the appeal."

And it is contended that that section was repealed by the act of March 8, 1893, and that the bond should have been conditioned in accordance with the provisions of § 7 of the latter act (Session Laws 1893, p. 123), which provides:

"An appeal shall not stay proceedings on the judgment or order appealed from or on any part thereof, unless the original or a subsequent appeal bond be further conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court, and (where such condition is applicable) *shall pay all rents of or damages to property accruing during the pendency of the appeal*, out of the possession of which any respondent shall be kept by reason of the appeal."

The bond under consideration contains the following condition:

"Now THEREFORE, if the said Douglass Griffitts will abide the order of the court on such appeal, and pay all rents and other damages accruing to the plaintiff during this appeal not exceeding the amount of Four Hundred Dollars then this obligation shall be void," etc.

We think there is no merit in the motion. Assuming that the act of 1893 impliedly repeals § 568, *supra*, and kindred sections, nevertheless we think that the bond here under consideration substantially embraces all of the conditions required by § 7 of the act of March 8, 1893, and meets all the requirements of that section.

It follows that the motion must be denied.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.