Argued 14 November; decided 26 November, 1900.

## GERMAN LOAN SOCIETY *v.* KERN.

[62 Pac. 788; 63 Pac. 1052.]

SUFFICIENCY OF DESCRIPTION IN MORTGAGE.

1. A description in a mortgage foreclosure complaint as a certain defined tract, "excepting two acres owned by" a person named, and "also excepting land now occupied by W. R. R. Company, about one-half acre, also excepting a tract of ten acres situate near the center of said section, and occupied by L," is sufficiently accurate on its face to enable an officer to execute a decree that follows it.

FORECLOSURE — OBJECTION TO DESCRIPTION BY MORTGAGOR.

2.   A mortgagor will not be heard to object to a defective description in a complaint for the foreclosure of his mortgage where the complaint follows the mortgage, whatever may be the effect of the sale.

MOTION TO STRIKE OUT — WAIVER OF OBJECTION BY ANSWERING.

3.   Where defendant answered after the overruling of a motion to strike out a complaint because of a defective verification, it was a waiver of the right to appeal from the denial of the motion :   *State* v. *Chadwick*, 10 Or. 423, cited.

EXECUTION ON FORECLOSURE — NECESSITY OF LEVY.

4.   In cases of sales on mortgage foreclosure decrees it is not necessary to levy on the property :   *Bank of British Columbia* v. *Page*, 7 Or. 454, followed.

PROOF OF POSTING NOTICES OF SALE — PRESUMPTION OF REGULARITY.

5.   A return on an execution wherein the sheriff certifies that he had advertised the sale "by posting copies of said notice in three public places in this county, viz.,   *   *   *   for four weeks successively," but does not show the date when the notices were posted, is sufficient, since the presumption is that the officer's duty was regularly performed, and it is only in cases where such notice is jurisdictional that particularity of statement is required :   *Bank of British Columbia* v. *Page*, 7 Or. 454, followed.

DESCRIPTION IN NOTICE OF FORECLOSURE SALE.

6.   A notice of sale on a foreclosure decree which describes the prem ises as they are described in the mortgage and decree is sufficient.

MORTGAGE FORECLOSURE — LIABILITY FOR USE AND OCCUPATION.

7.   A statute requiring a bond given on appeal from a mortgage foreclosure decree to be conditioned for the payment of the value of the use and occupation of the mortgaged premises during the pendency of the appeal, not exceeding a certain sum to be fixed by the court, does not contemplate that the trial judge shall fix in advance the value of such use, and a surety on such bond is not liable absolutely for the amount named in the bond, but is liable for only the reasonable value of such occupation, not exceeding the amount fixed by the trial judge, to be ascertained in an action at law.

MORTGAGE FORECLOSURE — FORM OF EXECUTION.

8.   Under Hill's Ann. Laws, § 414, providing that if, on the foreclosure of a mortgage, it shall appear that a personal obligation has been given. in addition to the mortgage securing the debt, the court shall decree a recovery of the amount of the debt, as in an ordinary judgment for the recovery of money ; and Section 417, providing that when the decree is for a foreclosure and sale and also against the defendants, or any of them,

personally, and the proceeds of the sale of the mortgaged property is insufficient to pay the entire sum found to be due, payment of the balance "may be enforced by execution as in ordinary cases," a decree giving a personal judgment against the mortgagor for the amount of the debt, and foreclosing a mortgage given to secure it, is one entire decree, and in appealing therefrom the appellant must give a bond conditioned to pay the expenses of the appeal and also any deficiency remaining after the sale of the mortgaged premises, and such bond is enforceable according to its terms, whether it was given before or after the sale.

From Multnomah: JOHN B. CLELAND, Judge.

This is a suit by the German Savings & Loan Society to foreclose a mortgage given by the defendants J. W. Kern and wife to secure the payment of $50,000. The description of the premises, as given in the mortgage and complaint, contains the following provision: "Excepting from all the above-described land two (2) acres owned by School District No. 2, Multnomah County, Oregon; also, excepting land now occupied by Waverly & Woodstock Railroad Company, about one-half acre; also, excepting a tract containing ten (10) acres situate near the center of said section twelve (12), and being now occupied by L. E. Kern." Within the time to answer, the defendants moved for an order requiring the plaintiff to make its complaint more definite and certain, by particularly describing the excepted tracts. This motion was overruled, and, a motion to strike the complaint from the files for want of verification being likewise overruled, they answered; and on the trial a decree was rendered in favor of the plaintiff, from which defendants appeal. An execution was subsequently issued on the decree, and the mortgaged property sold by the sheriff. In his return the sheriff certifies that he advertised the property for sale "by publishing a notice thereof, of which the attached is a true copy, in the Pacific Christian Advocate, a weekly newspaper printed and published in this county, and having a general circulation, once a week for four successive weeks, commencing

with the issue of the eighteenth day of May, 1898, and end-
ing with the issue of the fifteenth day of June, 1898, which
said notice particularly described said real property, and
stated that the same would be sold by me at the court-house
door in said county and state on the seventeenth day of June,
1898, at 10 o'clock A. M., and by posting copies of said no-
tice in three public places in this county, to wit, one of
said notices upon the bulletin board in the court-house,
one upon the bulletin board · in the postoffice in the
City of Portland, said county and state, and the third upon
the public signboard on Union Avenue, betwen East Oak
and East Pine streets, in said city, for four weeks succes-
sively." Objection was made to the confirmation of the sale
on the ground (1) that no levy under the execution had
been made by the sheriff; and (2) that his return did not set
forth the dates upon which the notice of sale was posted.
These objections were supported by the affidavit of defendant
J. W. Kern, to the effect that no levy was in fact made by
the sheriff, nor did such officer post a notice of sale on the
bulletin board on Union Avenue, nor was there any bulletin
board there at the time claimed by the sheriff in his return to
be the one upon which he posted notice. A counter affidavit
of James M. Stott, the deputy sheriff, was filed, in which he
says it was the practice of the sheriff's office for H. W. Thiel-
sen, the chief deputy, to post one notice of sale on execu-
tions, and the remaining two copies were given to the affiant
to post elsewhere; that it was his uniform custom to post one
on the bulletin board in the postoffice, and the other upon a
certain bulletin board on Union Avenue, between East Oak
and East Pine streets; that in the present case two copies
of the notice of sale were delivered to him by the chief deputy
on May 19, 1898, and "that upon the same day I posted one
of said copies upon the said bulletin board in the said post-
office, and proceeded to the said bulletin board in said East
Portland, above referred to, to post the remaining copy of

said notice thereon; that upon my arrival at said point I failed to find said bulletin board, and I thereupon posted said notice upon a public signboard some fifteen feet to the north of the point where said bulletin board usually stood, and had stood for several years prior to said day." The objections to the confirmation of sale were overruled, and the sale confirmed. From this order also the defendants J. W. Kern and wife appeal.    AFFIRMED.

For appellants there was a brief over the names of *William Wallace Thayer* and *Henry St. Rayner,* with an oral argument by *Mr. St. Rayner.*

For respondent there was a brief and an oral argument by *Mr. Milton W. Smith.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

Although the two appeals in this case were argued and submitted separately, they will be considered as one, for the purposes of the opinion of the court.

1.   The motion to make the complaint more definite and certain was properly overruled. The description of the premises in the complaint follows the mortgage, and, if the portion attempted to be excepted is not sufficiently described, the mortgage, in any event, covers whatever interest the mortgagors may have in the entire tract. Cases are cited to the effect that a complaint for the foreclosure of a mortgage must so describe the premises that if a sale is ordered the officer may know on what to execute the order, and if the description in the mortgage is insufficient for such purpose, but good as between the parties, the defective description should be aided by amendments in the complaint: *Struble* v. *Neighbert,* 41 Ind. 344; *Halstead* v. *Board of Com'rs,* 56 Ind. 363. But the description in this case is sufficient, and

there can be no difficulty in the officer executing an order of sale under a decree foreclosing the mortgage.

2. And, moreover, the fact that the premises intended to be mortgaged are indefinitely described is no objection to the enforcement of the mortgage against the mortgagor. He cannot be heard to complain of a defective description, whatever may be the effect of a sale under a decree of foreclosure: Wiltsie, Mortg. Forec., § 387; *Tyron v. Sutton*, 13 Cal. 490; *Whitney v. Buckman*, 13 Cal. 536; *Graham v. Stewart*, 68 Cal. 374 (9 Pac. 555).

3. The motion to strike the complaint from the files for want of verification is based on the fact that it does not appear that the agent of the plaintiff corporation who verified the complaint was an officer upon whom service of summons might be made. But the defect in the verification, if any, was a mere irregularity, which was waived by pleading over: *State v. Chadwick*, 10 Or. 423. We are of the opinion, therefore, that the appeal from the decree foreclosing the mortgage is without merit, and the decree should be affirmed.

4. The first two questions raised by the appeal from the order confirming the sale are determined by *Bank of British Columbia v. Page*, 7 Or. 454. In that case it was held that, under an execution issued upon a decree foreclosing a mortgage on real property, it is not necessary that a levy upon the premises be made, and that a return of the sheriff on such execution that he gave notice of the sale "by posting printed notices of the time and place of sale, particularly describing said real estate, for four weeks successively prior to the day of sale, in three public places of the County of Multnomah," without more definitely describing either the date or place, is sufficient proof of the posting. It is urged, however, that both points of the decision referred to are bad law, and ought to be overruled. In view of this contention, we have re-examined the questions, and are satisfied with the conclusions of our predecessors, and the soundness of the de-

cision. The authorities are uniform that no levy is required under an execution issued upon a decree of foreclosure. Mr. Freeman says that "if the sale has been ordered by a court of chancery, in a suit in which all the parties in interest were before the court, there is no need of any levy, for the right to sell the land has attached as a consequence of the proceedings in the suit. In truth, the suit may have been for the express purpose of enforcing a pre-existing lien. If so, the title to be acquired by the sale will relate back to the inception of that lien, and cannot possibly be aided by any levy made after the entry of the decree. Hence, under a decree foreclosing a mortgage, no levy need be made on the mortgaged premises": 2 Freeman, Ex'ns (3 ed.), § 280. See, also, 12 Enc. Pl. & Prac. 12.

5. Referring to the sufficiency of the return, the rule is that "in construing official returns the courts have usually exercised great liberality towards the officer and others interested in maintaining the sufficiency and legality of the returns. In considering returns, no severity of criticism will be allowed, every favorable inference that can fairly arise from the language used will be indulged, the whole return will be considered, nothing beyond reasonable certainty will be exacted, and that construction will be adopted which most accords with the hypothesis that the officer performed his whole duty": 3 Freeman, Ex'ns (3 ed.), § 362. This rule is particularly applicable to the return of a sheriff on a writ of execution or order of sale. Where the notice is jurisdictional, it is necessary, no doubt, that the proof of posting show the dates and places where posted, so that the court may see whether the statute has been complied with; but, where a public officer is charged with the duty of executing an order of this character, the presumption is that his official duties have been regularly performed, and his certificate will be sufficient, without the particularity required in cases where notices are jurisdictional: Murfree, Sher.,

§§ 862-864; 7 Am. & Eng. Enc. Law (1 ed.), 155; *State* v. *Still,* 11 Mo. App. 283.

6.   The only remaining question is the sufficiency of the description of the mortgaged premises in the notice of sale. The rule is that in such an advertisement it is sufficient to follow the description contained in the mortgage and decree: 3 Freeman, Ex'ns (3 ed.), § 285*b*.   It follows from these views that there was no error in confirming the sale, and that the order must be affirmed.   Affirmed.

Decided 11 March, 1901.

## On Motions to Recall Mandate.

On May 6, 1898, the plaintiff obtained a decree in a suit to foreclose a mortgage against the defendants Kern for some $57,000, besides costs and disbursements.   On June 17 the mortgaged property was sold to the plaintiff, upon execution issued on the decree, for several thousand dollars less than the amount due thereon.   The sale was confirmed on July 12, and on September 6 the defendants appealed from the decree foreclosing the mortgage, and on such appeal gave an undertaking, with the Fidelity & Deposit Company as surety, conditioned that "the appellants will pay all damages, costs, and disbursements which may be awarded against them on appeal, and, further, that, during the possession by said appellants of the said mortgaged premises so decreed to be sold, they will not commit or suffer to be committed any waste thereon, and if such decree, or any part thereof, be affirmed, will pay the value of the use and occupation of said premises, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding the sum of $2,000, fixed and ascertained by the said court; also that said appellants will pay any portion of such decree remaining unsatisfied after the sale of the said premises covered by the said mortgage, or which now re-

mains, after the sale of the said premises, which has already been had, and in case the same is not set aside." The decree was in all things affirmed by this court *(German Loan Soc.* v. *Kern,* 62 Pac. 788), and a decree entered here that the plaintiff recover of the defendants and their surety its costs and disbursements in this court allowed and taxed, together with the deficiency remaining unpaid after the application of the proceeds of the sale of the mortgaged premises. The plaintiff now moves to recall the mandate, and that the decree be amended so as to include the sum of $2,000 for the use and occupation of the premises by the appellants pending the appeal; and the surety also moves that the mandate be recalled, and the decree amended by striking out the portion thereof charging it with such deficiency.

MOTIONS OVERRULED.

*Mr. Milton W. Smith* for the plaintiff (respondent).

I.    The mandate should allow to respondent the $2,000, fixed by the trial court as the value of the use of the mortgaged premises pending the appeal: Hill's Ann. Laws, § 538. The trial court heard testimony on this point and ordered "that said value be fixed at $2,000," whereupon the surety undertook to pay "the value of the use and occupancy of said premises so far as affirmed from the time of the appeal until delivery of the possession thereof, not exceeding the sum of $2,000 fixed by the court." There was no fraud and no misunderstanding about the matter, and the surety should be compelled to comply with the bond.

II.    On the question of the liability of the surety for the deficiency, the statute distinctly provides that on an appeal from a foreclosure decree the appellant must give a bond to pay any deficiency remaining after the sale of the mortgaged property: Hill's Ann. Laws, § 538. The case in 9 Or. 338, relied on by the surety, is not in point, because there

the appeal was not from the decree, as it is here, but was from an order confirming a sale, in which case no bond to pay a deficiency need be given.      .

*Mr. Robert G. Morrow* for the surety on appeal.

I.   The intention of Hill's Ann. Laws, § 538, subd. 2, was to require the trial judge to limit not fix the amount to be recovered for the use of the mortgaged premises during the time of the appeal.   To hold otherwise would subject the surety to a greater liability than the principal, for the latter can be held for only the reasonable value of the use, regardless of the order of the trial court.

Judgment must be given for the entire $2,000, or the matter must be left to an action at law, since this court has no means of ascertaining the reasonable value of the use and occupation: *Northwest, etc., Bank* v. *Griffits,* 17 Wash. 98 (50 Pac. 591); *Blair* v. *Cassim,* 19 Wash. 127 (52 Pac. 1011).

A statute similar to ours has been construed to mean that the amount of the bond fixed by the trial court applies as well to the deficiency as to the value of the use and occupation, and under that rule the total recovery against the surety here cannot exceed $2,000: *Boob* v. *Hall,* 105 Cal. 413 (38 Pac. 977); *Ogden* v. *Davis,* 116 Cal. 32 (47 Pac. 772); *Gerald* v. *Gerald,* 30 So. Car. 348 (9 S. E. 274).

Furthermore, the giving of this bond did not stop the levy of an execution; the property had been sold before the bond was given, and under Section 307, Hill's Ann. Laws, the purchaser was entitled to possession.   If so, then there was no consideration for the bond, the payment of the deficiency being a condition on which the sale of the mortgaged property is stopped.

II.   Section 538, Hill's Ann. Laws, provides the method

38 Or.—16.

of appealing from judgments and decrees. Subd. 1 provides for a bond to pay money judgments; subd. 2 requires a bond for the value of the use and occupation during the pendency of the appeal; and subd. 3 requires a bond to the effect that the appellant will pay any portion of the decree remaining unsatisfied after the sale of the mortgaged premises. Now, under the practice in this state, a money judgment is entered for the amount due on the mortgagor's note, and this sum is decreed to be a lien on the mortgaged land; and the creditor may levy his execution where he pleases, without reference to the security: *Englund* v. *Lewis,* 25 Cal. 327.

A further examination of section 538 seems to show very clearly that it was intended to secure to the successful party the payment of his judgment, but was not intended to give him also the value of the use and occupation of the mortgaged premises, unless he has been kept out of that possession by having the sale prevented. The section seems to have been drawn·with the idea that the security is worth the debt, and if the mortgagor desires to prevent a sale of the property he must give a bond conditioned to pay any deficiency, thereby enabling him to retain possession of his mortgaged premises. In other words, this agreement to pay any part of the judgment remaining unsatisfied after the sale of the mortgaged premises, is intended as a condition for restraining the sale; but manifestly this cannot apply where the sale has been held, for in that case the successful party is absolutely entitled to possession under section 307, and is further entitled to issue an execution and proceed to levy on other property, unless the appeal bond contains the provision set forth in subd. 1, to wit: "That if the same or any part thereof be affirmed, the appellant will satisfy it so far as affirmed." That provision is the one which the statute has provided for all cases where there is a money judgment, and it is desired to stop the levy of an execution generally.

Now, in this case the mortgaged property had been sold, the decree had been executed, and there remained only the judgment for the unpaid balance on which an execution could have been issued at any time. There was nothing in this bond that prevented the German Loan Society from issuing execution for the deficiency on its judgment. Whenever it is intended to stop the sale of the mortgaged premises or the enforcement of the decree, the parties must give the bond provided in subdivisions 2 and 4 of section 538; but if they desire to stop the issuance of an open execution on the judgment, they must give the bond provided in subdivision 1: *Englund* v. *Lewis,* 25 Cal. 354-357.

The decree part of the final order had been executed and the sale had been confirmed, so that no appeal could stop that; but the enforcement of the balance due on the personal judgment could be stopped only by giving the bond described in section 538, subd. 1, which was not done. The appeal was perfected by guaranteeing payment of the expenses, and unless the rest of the undertaking had some consideration, it is void: *Bank of British Columbia* v. *Page,* 9 Or. 338.

The bond in question here is a bond in the sum of $2,000, and the recovery ought not to exceed that sum: *Boob* v. *Hall,* 105 Cal. 413 (38 Pac. 977); *Ogden* v. *Davis,* 116 Cal. 32 (47 Pac. 772); *Douglas* v. *Skipworth* (Tenn.), 38 S. W. 450.

*Mr. Henry St. Rayner* for the defendant (respondent).

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

7.   The statute touching undertakings on appeal from a decree foreclosing a lien does not provide or contemplate that the value of the use and occupation of the premises shall be fixed in advance by the trial judge. The provision

is that, in order to stay the proceedings, the appellant must give an undertaking, with one or more sureties, conditioned, among other things, that if the decree, or any part thereof, be affirmed, he will pay the value of the use and occupation of the property, so far as affirmed, from the time of the appeal until the delivery of possession, not exceeding a sum therein specified, to be ascertained and fixed by the court or judge thereof. A surety on such undertaking is liable for the reasonable value of the use and occupation of the premises, not exceeding the amount specified; but it is manifestly not intended that he should be liable for the face of the undertaking, without regard to such value. As there is nothing in the record from which we can ascertain the liability of the surety under this provision of the bond, even if it be conceded that it is valid under the facts of this case, and that we have jurisdiction to do so upon a proper showing, the motion must be denied, and the plaintiff left to its remedy at law upon the bond, if it desires to pursue the matter further.

8. The motion of the surety is based upon the contention that, since the decree adjudging the sale of the mortgaged property had been executed prior to the appeal, and nothing but the deficiency judgment remained, the execution was not stayed by the undertaking given, and therefore the provision covering the deficiency was invalid for want of consideration. The argument seems to be that a suit to foreclose a mortgage, in which a personal decree is rendered against the mortgagor for the amount of the debt secured thereby, is dual in its character (that is, there is a decree for money, and also for the sale of the mortgaged premises), and that the plaintiff has the right and may elect to enforce the decree for money by an ordinary execution, without reference to the other directions therein, or he may proceed to sell the mortgaged premises as provided in the decree, and that, if a defendant desires to stay the execution for the deficiency remaining after such sale, he must embody in his undertaking

on appeal the provision required by Hill's Ann. Laws, § 538, subd. 1. Our statute provides that, in a suit to foreclose a mortgage, in addition to the decree of foreclosure and sale, if it appear that a promissory note or other personal obligation for the payment of the debt has been given by the mortgagor, the court shall also decree a recovery of the amount of such debt, as in case of an ordinary decree for the recovery of money: Hill's Ann. Laws, § 414. But it is also provided that such decree must be enforced first by a sale of the property adjudged to be sold; then, if the proceeds thereof should be insufficient, the decree, as to the sum remaining unsatisfied, may be enforced by an execution, as in ordinary cases: Hill's Ann. Laws, § 417. A decree foreclosing a mortgage, and also against the mortgagor for the amount of the debt secured thereby, is therefore one entire decree; and under the statute there is but one way provided for staying an execution thereon, and that is by an undertaking, as required by the Code, section 538, subds. 2 and 4. And, so far as the surety's liability under subdivision 4 is concerned, it is of no consequence whether the decree has been partially executed or not. In either event he becomes liable for any deficiency that may remain after the application of the proceeds of the sale of the property upon which the lien is foreclosed. The appeal, although taken after a sale of the mortgaged property, is not from a decree for money, as provided in subdivision 1 of the section, but from the whole decree, and the only method of staying an execution for the deficiency is by giving an undertaking containing the provision required by subdivision 4. The case of *Englund* v. *Lewis,* 25 Cal. 337, upon which the surety principally relies, is not in point, because it was necessary, under the statutes of that state, where it was desired to stay proceedings as to the whole judgment in a suit foreclosing a mortgage, for the appellant to give a bond for costs for double the amount of the personal judgment and for waste

and deficiency, all of which might be included in one instrument or several, at the option of the appellant. But we have no such statute, and hence the decision is not applicable here. The motions to recall the mandate are therefore both denied.

MOTIONS OVERRULED.