Argued and submitted April 24, 1991, motion to dismiss denied; reversed in part and remanded with instructions; otherwise affirmed April 22, reconsideration denied June 17, petition for review denied July 21, 1992 (313 Or 627)

Nathan SHLIM
and Sylvia Shlim,
*Appellants,*

*v.*

CML, INC.,
and Mabel Baughman,
*Respondents.*

(88C-10217; CA A64066)

829 P2d 1012

John H. Heald, Portland, argued the cause and filed the brief for appellants.

Michael Mills, Salem, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

Buttler, P. J., dissenting in part; concurring in part.

## De MUNIZ, J.

This is a sequel to our decision in *Shlim v. Alimeg, Inc.*, 87 Or App 178, 742 P2d 54, *rev den* 304 Or 547, *cert den* 487 US 1218 (1987), a forcible entry and detainer action involving these parties in which we affirmed the judgment granting restitution of the premises. After the conclusion of the appellate proceedings in the FED case, plaintiffs brought this action against CML, Inc. (CML), a sublessee of Alimeg, and its president and shareholder, Baughman, for trespass, unjust enrichment and breach of implied contract. After a trial to the court, judgment was entered awarding plaintiffs damages against CML, dismissing plaintiff's claims against Baughman and dismissing plaintiffs' claim for trespass against CML. Plaintiffs appeal, contending that the court erred in dismissing their claim against Baughman and in dismissing their claim for trespass. They also assign error to the court's determination that the value of the use and occupancy of the premises was the amount specified in the undertaking filed by CML in connection with its appeal of the FED case.

■ Defendants have moved to dismiss plaintiffs' appeal, arguing that plaintiffs have accepted the benefits of the judgment, thereby precluding them from continuing the appeal. Defendants are incorrect. Plaintiffs seek a larger award of damages on appeal. Under the circumstances of this case, it is not inconsistent for plaintiffs to accept payments on the judgment. *See Bates and Masvidal*, 85 Or App 614, 616, 737 P2d 973, *rev den* 304 Or 186 (1987). The motion to dismiss is denied.

The facts are undisputed. When CML appealed from the judgment granting plaintiffs restitution of the premises, it filed an undertaking in the district court. The surety was Fireman's Fund Insurance Company. The undertaking provided:

> "And further said Defendants desire to give an undertaking pursuant to ORS 19.040(1)(b) that during the possession of the property which is the subject of this action by Defendants-Appellants, they will not commit, or suffer to be committed, any waste thereon, and that if the judgment of restitution in this case is affirmed, the Defendants-Appellants will pay the value of the use and occupation of the

property, so far as affirmed, from the time of appeal until the delivery and possession thereof of said property, not exceeding the sum of $3,600 per month rental and $1,050 payment per month on real property taxes."

CML remained in possession of the premises, a nursing home, throughout the extensive appellate proceedings, and each month it paid the amount specified in the undertaking. All of CML's appeals failed, and it relinquished possession of the premises on April 30, 1988.

ORS 19.040(1)(b) requires that an undertaking provide:

"If the judgment appealed from is for the recovery of the possession of real property, for a partition thereof, or the foreclosure of a lien thereon, that during the possession of such property by the appellant the appellant will not commit, or suffer to be committed, any waste thereon, and that if such judgment or any part thereof is affirmed, the appellant will pay the value of the use and occupation of such property so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding the sum therein specified, to be ascertained and tried by the trial court or judge thereof."

In *German Loan Society v. Kern*, 38 Or 232, 63 P 1052 (1900), the mortgagors appealed from an adverse ruling on a mortgage foreclosure and remained in possession of the property pending the outcome of the appeal. After the appellate court's ruling, the plaintiff sought an order awarding it the face amount of the undertaking, contending that the undertaking fixed the value of the use and occupancy of the premises during the appeal. The surety and the mortgagors jointly objected on the ground that the amount set forth in the undertaking and approved by the trial court was only a limit on the extent of the surety's liability but did not fix the amount that could be recovered for the use of the mortgaged premises during the pendency of the appeal. The language in section 538, Hills Annotated Laws, subd. 2, was identical to ORS 19.040(1)(b). The court rejected the plaintiff's argument:

"The statute touching undertakings on appeal from a decree foreclosing a lien does not provide or contemplate that the value of the use and occupation of the premises shall be fixed in advance by the trial judge. The provision is that, in

order to stay the proceedings, the appellant must give an undertaking, with one or more sureties, conditioned, among other things, that if the decree, or any part thereof, be affirmed, he will pay the value of the use and occupation of the property, so far as affirmed, from the time of the appeal until the delivery of possession, not exceeding a sum therein specified, to be ascertained and fixed by the court or judge thereof. A surety on such undertaking is liable for the reasonable value of the use and occupation of the premises not exceeding the amount specified; but it is manifestly not intended that he should be liable for the face of the undertaking, without regard to such value." 38 Or at 243.

■ That reasoning remains persuasive today. At no point in the FED proceedings did plaintiffs agree or stipulate that the amount set forth in the undertaking established the value of the use and occupancy of the premises.[1] Neither did the trial court's order approving the undertaking establish the value. It established only that the surety would not pay more than the amount stated in the undertaking. CML was not the surety. CML's appeal from the FED judgment involved an appeal to this court, a petition for review to the Oregon Supreme Court and a petition for a Writ of Certiorari to the United States Supreme Court. Those unsuccessful appeals consumed nearly two and one-half years. In addition, on September 1, 1987, the lease, notwithstanding the litigation between the parties, expired. CML chose to appeal and chose to engage in protracted appellate proceedings while depriving plaintiff of its lawful possession of the property and the power to protect its own economic interest for two and one-half years. Although the amount of the undertaking fixed the extent of the surety's liability, it did not establish the value of use and occupancy during the period in which CML remained in possession.

■ The trial court apparently recognized that the amount of the undertaking did not fix the value. However, it concluded that plaintiffs' failure, during the appeal, to seek somehow to raise the amount in the undertaking precluded them from proving an amount exceeding that set out in the undertaking. We disagree. Plaintiffs challenged the adequacy

---

[1] The amount of the undertaking coincided with the amount that the trial court determined was the monthly rental under the lease, plus a *pro rata* portion of the taxes.

of the undertaking. After that initial exception to the undertaking, plaintiffs had no duty to return to court during the pendency of the appellate proceedings to challenge the undertaking. Because the court apparently reasoned that plaintiffs had "waived" their claim for damages in excess of the amount of the undertaking, it did not properly consider plaintiffs' expert testimony on the value of use and occupancy. Accordingly, we remand for the court to consider that evidence.

■ The trial court also erred in dismissing plaintiffs' claim for trespass. Because CML filed a proper undertaking, it was legally entitled to possession of the premises so long as its possession was consistent with its position on appeal. However, CML's right to possession of the premises under any circumstances terminated on September 1, 1987, when the lease between the parties expired. After that, the fact of a pending appeal could not extend the lessee's right to possession. Plaintiffs gave CML written notice that the lease had expired and that it must vacate the premises. CML refused. Thereafter, CML was a trespasser, and the trial court erred in not so finding.

■ Plaintiffs also assert that the court erred in dismissing their claim against Baughman. They argue that the "incidental facts" that Baughman was president, director and sole shareholder of a corporate entity do not shield her from liability. We disagree. The lease was between plaintiffs and CML. To impose personal liability on the controlling shareholder, plaintiffs had to prove that Baughman improperly controlled the corporation in a way that deprived plaintiffs of an adequate remedy against CML. *Amfac Foods v. Int'l Systems*, 294 Or 94, 108, 654 P2d 1092 (1982). Plaintiffs made no such showing. The trial court properly dismissed plaintiffs' claim against Baughman.

Motion to dismiss denied; reversed and remanded for proceedings not inconsistent with this opinion on issues of trespass and value of use and occupancy as to CML, Inc.; otherwise affirmed.

**BUTTLER, P. J.,** dissenting in part; concurring in part.

Plaintiffs filed this action after the judgment entered in the earlier FED action was finally affirmed on appeal.

While the extended appeals were pending, the lease under which defendants claimed the right to possession expired on September 1, 1987. On that date, plaintiffs made a written demand on defendants to vacate the premises, because the lease had expired by its terms. Defendants failed to vacate.

The appeal bond that defendants posted in connection with their appeal from the judgment in the FED action satisfied ORS 19.040(1)(b); therefore, it had the effect of staying the execution of the FED judgment pending appeal.

In this action, CML contends that its liability for occupying the premises, even for the time after the expiration of the lease, is limited by the face amount of that supersedeas bond. The majority takes the other extreme in holding that the amount fixed by the bond has nothing to do with liability for remaining in possession pending the outcome of all appeals. Because I disagree with that conclusion, I dissent from that part of the opinion.

The majority relies on *German Loan Society v. Kern*, 38 Or 232, 63 P 1052 (1900). That opinion, however, holds exactly the opposite of what the majority claims for it: The bond fixes the *maximum* amount that the appellant must pay; it does *not require* that the appellant pay the maximum amount, but only the value of the use and occupation of the property, *not to exceed* the sum specified. Accordingly, the bond *does* set the maximum that CML must pay for the use of the property for the period to which the judgment in the FED related, which does not include occupancy after the expiration of the lease.

The FED judgment entitled plaintiffs to possession because of CML's failure to pay rent for December, 1984, and January, 1985. It did not purport to affect the parties' rights after the lease, by its terms, expired on September 1, 1987. Accordingly, I would hold that the supersedeas bond does fix the maximum amount that CML must pay plaintiffs for use of the property until the expiration of the lease on September 1, 1987. Thereafter, plaintiffs are entitled to the fair market rental and to damages for trespass.

I concur with the rest of the majority opinion.