[No. 6,993.]

# HILL *v.* FINNIGAN.

APPEAL—UNDERTAKING—STAY OF EXECUTION.—An undertaking on appeal to stay execution may be filed at any time, after the appeal is taken, and before the execution is satisfied.

ID.—ID.—ID.—JUSTIFICATION OF SURETIES.—If, however, such an undertaking is filed, and the sureties are excepted to, and they, or others in their stead, fail to justify, a new undertaking cannot afterward be filed in the Court below.

ID.—ID.—ID.—ID.—SUPREME COURT—JURISDICTION.—In such case, however, this Court has the inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right; and may make an order to operate as a *supersedeas* upon proper terms.

MOTION to stay execution pending an appeal from a judgment for the plaintiff, in the Fifteenth District Court, City and County of San Francisco.

*Lloyd & Newlands*, for Appellant.

*Geo. R. B. Hayes*, for Respondent.

Department No. 1, McKinstry, J.

The appellant filed in the Court below undertakings in form complying with, and executed as required by, §§ 941 and 942 of the Code of Civil Procedure; respondent excepted to the sufficiency of the sureties, and neither they nor other sureties justified. Appellant asks leave to file sufficient undertakings in this Court.

1st. The undertaking on appeal—the filing of which, by § 940 of the Code of Civil Procedure, is necessary to render the appeal effectual for any purpose—is the $300 undertaking mentioned in § 941. This is made manifest by reading the several sections in their order; and it was, in effect, so held in *Schact* v. *Odell*, 52 Cal. 449, and *Hill* v. *Finnigan*, 54 Id. 311. There is nothing in § 942, or elsewhere in the Code, which prohibits the making and filing of a stay-undertaking at any time before the execution is satisfied by sale under it. An execution may be issued upon the judgment after the cause has been brought here on appeal, and after the appeal it may be stayed by proper undertaking filed below. Whenever the stay-bond or undertaking has been properly executed, (and the sureties have justified, if excepted to) or the Court below shall have dispensed with security in cases where it has power so to do, " the appeal is perfected" in the larger sense in which the words are used in § 946. By reason of the notice of appeal, and the $300 bond, the case is in this Court, so far as is necessary for a review of the action of the Court from which the appeal is taken, with reference to the conduct and trial of the cause. So far as the execution of the judgment is concerned, the judgment below remains in full force until the appeal is perfected by the proper stay-undertaking, and the justification of the sureties, if excepted to.

2nd. But § 948 of the Code of Civil Procedure provides that unless the sureties upon the stay-undertaking, or others in their stead, shall *justify*, " execution of the judgment * * is no longer stayed." After a careful consideration of the different

sections of the Code, we are convinced that they contemplate but one proceeding to stay the execution below, and that the failure of the sureties to justify, leaves the plaintiff in a position to enforce the execution of his judgment—a position the advantages of which he cannot be deprived by any further act of appellant in the Court below. Otherwise a series of pretended efforts to *justify* might lead to great delay in setting aside the stay, without respondent being afforded any real security for the payment of his judgment in case it should be affirmed.

3rd. Yet it might very well be that an appellant, unable to furnish proper sureties at one time, might subsequently, and pending the same appeal, be able to obtain competent and amply sufficient bondsmen. True, the machinery of appeal is established, and the mode and manner of giving security in the *lower Court* is regulated by the statute. But the statute does not treat of undertakings in the Supreme Court, and we have no doubt but this Court has an inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right. There is nothing in the present record to indicate that the failure to justify was the result of other causes than inadvertence, and this Court will make an order to operate as a *supersedeas* upon *proper terms*.

Ordered: That, on notice to the counsel for respondent, appellant do appear before Mr. Justice McKee, prepared to deposit such sum, or to execute such an undertaking, as shall comply with the views hereinbefore expressed; if an undertaking be executed, the sureties then and there to *justify*.

McKEE, J., and ROSS, J., concurred.