[L. A. No. 106.   Department Two.—February 3, 1897.]

## MATTHEW B. OGDEN, APPELLANT, v. E. J. DAVIS ET AL., RESPONDENTS.

STATUTORY BOND—SURETIES FAVORED—NO LIABILITY BEYOND EXPRESS TERMS.—Sureties upon a statutory bond are favored in law, and are entitled to stand upon the express terms of their agreement, and are never implicated beyond those terms, and it is not permitted as against them to suffer anything to be done which will change or vary the known and definite risk which they assume in entering upon their contract.

ID.—BOND UPON APPEAL TO STAY WASTE—MISDESCRIPTION IN MORTGAGE—LIABILITY OF SURETIES—FAILURE OF PROOF—NONSUIT.—In an action upon a bond given upon appeal from a decree of foreclosure to stay waste upon the mortgaged premises, the description of which followed an erroneous description contained in the mortgage and complaint, which was never reformed, but was followed throughout in the decree and foreclosure sale, where no waste is shown to have been committed upon the lands described in the bond, although it appears that, in fact, there was no such lot of land as that therein described, the sureties are entitled to a nonsuit for failure of proof as to the cause of action against them for waste.

ID.—WASTE UPON LAND NOT DESCRIBED—PAROL EVIDENCE OF ERROR INADMISSIBLE.—Where the bond against waste, following the description of the mortgage and complaint, described the land as "lot 264 of the lands of the Riverside Land and Irrigation Company," there being, in fact, no such lot, parol evidence to prove that another parcel of land, known as "lot 264 of the lands of the Southern California Associa-

tion," had suffered waste at the hands of the defendants who gave the bond, and that the latter description of the land was correct, and the former erroneous, is not admissible, and is properly excluded by the court.

ID.—BOND FOR DEFICIENCY—ORDER FIXING PENAL SUM—RECITAL CONCLUSIVE UPON SURETIES—PLEADING—EVIDENCE.—A recital in a bond for deficiency, given upon appeal from a decree foreclosing a mortgage, specifying a penal sum, and stating that the sum was the amount fixed by the judge of the court, is conclusive and binding upon the sureties to the bond, and may be taken as true against them in an action to recover the amount of the deficiency, and the existence of such order need not be averred in the complaint, nor shown by evidence at the trial.

ID.—BOND FOR WASTE AND DEFICIENCY — MEASURE OF LIABILITY OF SURETIES.—Where an undertaking strictly complies with the provisions of section 945 of the Code of Civil Procedure, as interpreted by this court, and the sureties have bound themselves in a penal sum, fixed by the superior judge, to make good not only any damage which may arise from waste, but also any deficiency judgment which may remain after sale of the mortgaged premises, if the penal sum fixed is consumed by a judgment against the sureties for waste, no recovery can be had against them for deficiency; but if no damage for waste is recovered, the full amount of the penal sum is available to make good any deficiency not exceeding that sum.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. NOYES, Judge.

The facts are stated in the opinion of the court.

*Purington & Adair,* and *Collier & Evans,* for Appellant.

The recitals in the appeal bond are binding and conclusive as against the appellant and the sureties, and the facts therein recited need not be proven. (Herman on Estoppel, secs. 160–63, 185; *Krall* v. *Libby,* 53 Wis 292; *Boone Co.* v. *Jones,* 54 Iowa, 709; 37 Am. Rep. 229; *McMillan* v. *Dana,* 18 Cal. 347; *Irwin* v. *Backus,* 25 Cal. 224; 85 Am. Dec. 125; *Hathaway* v. *Davis,* 33 Cal. 169; *Murdock* v. *Brooks,* 38 Cal. 601; *Smith* v. *Fargo,* 57 Cal. 159.) The bond was, in form, strictly in accordance with the requirements of the code; but, even conceding that it was not strictly in accordance with the statutory requirements, still it would be good as a common-law obligation. (*Palmer* v. *Vance,* 13 Cal. 557; *Hathaway* v. *Davis, supra; Dore* v. *Covey,* 13 Cal.

508; *Murdock* v. *Brooks, supra; Fournier* v. *Faggott,* 3 Scam. 349; *Morse* v. *Hodsdon,* 5 Mass. 314; *Skellinger* v. *Yendes,* 12 Wend. 306; *Gudtner* v. *Kilpatrick,* 14 Neb. 347; *Adams* v. *Thompson,* 18 Neb. 541; *Love* v. *Rockwill,* 1 Wis. 382; *Pritchett* v. *People,* 1 Gilm. 530; *Mix* v. *People,* 86 Ill. 331; *George* v. *Bischoff,* 68 Ill. 239; *Pray* v. *Wasdell,* 146 Mass. 327; *Fall River* v. *Riley,* 140 Mass. 488.)

*Caldwell & Duncan, E. B. Stanton,* and *W. J. McIntyre,* for Respondents.

The only evidence competent for the purpose of identifying the premises upon which waste was claimed to have been committed was the map referred to and incorporated in the description as a part thereof, and parol evidence to show that it was other land was inadmissible. (*Caldwell* v. *Center,* 30 Cal. 540; 89 Am. Dec. 131; *Brandon* v. *Leddy,* 67 Cal. 43; *Cadwalader* v. *Nash,* 73 Cal. 45; *Penry* v. *Richards,* 52 Cal. 496; *Simmons* v. *Johnson,* 14 Wis. 526; 3 Washburn on Real Property, 4th ed., 429.) Sureties are favored by the law, and are entitled to stand upon the express terms of this bond. (Civ. Code, sec. 2836; *McMicken* v. *Webb,* 6 How. 299; *Carter* v. *Mulrein,* 82 Cal. 169; 16 Am. St. Rep. 99; Brandt on Suretyship, secs. 94, 643; *Halliday* v. *Hart,* 30 N. Y. 474; *Ludlow* v. *Simond,* 2 Caines Cas. 1; 2 Am. Dec. 294; *Pierce* v. *Whiting,* 63 Cal. 543; *Walsh* v. *Bailie,* 10 Johns. 180; *Elder* v. *Kutner,* 97 Cal. 490; 24 Am. & Eng. Ency. of Law, 749.) The bond on appeal was insufficient and void as a statutory bond for the stay of proceedings, as the judge failed to fix the amount of the penalty for deficiency. (*Boob* v. *Hall,* 105 Cal. 413; *Gutzeit* v. *Pennie,* 97 Cal. 484.) The proceedings by which an appeal is taken and perfected are purely statutory, and unless the bond is in strict accordance with the statute the execution cannot be stayed. (Code Civ. Proc., sec. 945; *Duncan* v. *Times-Mirror Co.,* 109 Cal. 602.)

HENSHAW, J.—Plaintiff had obtained a judgment in the superior court against one C. E. Packard in an

action to foreclose a mortgage. Packard prosecuted an appeal to this court, and gave an undertaking for damages and costs and to stay execution, with defendants for sureties. The judgment was affirmed upon appeal, and this action is prosecuted against the sureties upon the undertaking. Plaintiff suffered nonsuit, and appeals from the judgment.

The complaint charges in two causes of action, the one for damages in the sum of $2,000 for waste suffered upon the land and premises; the other for a deficiency in the sum of $8,584.05 remaining after sale of the mortgaged premises.

So much of the undertaking as is pertinent to this consideration is in the following language:

"*Whereas,* C. E. Packard, the defendant in the above-entitled action, has appealed to the supreme court of the state of California from a final judgment made and entered against him in the said action in the said superior court, in favor of the plaintiff in said action, on the second day of May, 1893, for the foreclosure of a mortgage on certain lands and premises therein described, for the sum of $17,079.40, including costs of this suit, with personal judgment against the defendant for any deficiency upon sale under said judgment.

"*And, whereas,* The appellant is desirous of staying the execution of the said judgment so appealed from in so far as relates to the sale of the lands and premises, we do further, in consideration thereof, and of the premises, jointly and severally undertake and promise, and do acknowledge ourselves further jointly and severally bound in the further sum of two thousand dollars (being the amount for that purpose fixed by the judge of this court) that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if said judgment appealed from be affirmed, or the appeal be dismissed, they will pay the amount of any deficiency upon said sale."

This undertaking for a description of the mortgaged premises refers to the complaint. The complaint followed the mortgage and described the land as "Lot 264 of the lands of the Riverside Land and Irrigation Company, as surveyed by Goldsworthy & Higbie, according to the plat of said survey of record in the county recorder's office of the county of San Bernardino."

Upon the trial it was made to appear that the description was erroneous and that there was no lot 264 of the lands of the Riverside Land and Irrigation Company; but that there was a lot 264 of the lands of the Southern California Colony Association. The description, however, had never been reformed, and was followed throughout in the decree and foreclosure sale.

The defendants' grounds of motion for a nonsuit were that waste was not shown to have been committed upon the lands described in the bond; that no order of the court fixing the penalty for deficiency was shown to have been made; that the penalty therein mentioned is confined to waste; that as to deficiency the bond is not such as is required by the Code of Civil Procedure, and that the bond was without consideration and void in that it did not operate to stay execution upon the judgment during the pendency of the appeal.

The first ground of nonsuit urged, namely, that the waste was not shown to have been committed upon the lands described in the bond, was well taken. Sureties upon such an obligation, it is well settled, are entitled to stand upon the express terms of their agreement, and are never implicated beyond those terms. It is not permitted against them to suffer anything to be done which will change or vary the known and definite risk which they assumed in entering upon their contract. It is frequently said that they are favorites of the law, and have a right to stand upon the strict terms of their obligation when such terms are ascertained. (*Pierce* v. *Whiting*, 63 Cal. 538; *People* v. *Breyfogle*, 17 Cal. 508; *People* v. *County Treasurer*, 11 Cal. 215; Civ. Code, sec. 2836; *Carter* v. *Mulrein*, 82 Cal. 169; 16 Am. St. Rep.

99; *Carter* v. *Kutner*, 97 Cal. 490; *McMicken* v. *Webb*, 6 How. 299.)

These particular defendants were sureties against waste that might be committed upon lot 264 of the lands of the Riverside Land and Irrigation Company. The effort to prove by parol evidence that a parcel of land not answering the description called for in the undertaking had suffered waste at the hands of defendants' principal was not permissible, and the evidence to that effect was properly excluded by the court. It follows, therefore, that plaintiff failed to establish a cause of action for waste under the first cause of action of his complaint, and as to that cause of action the nonsuit was properly granted.

The other grounds of nonsuit urged may be considered together. They relate more particularly to the second cause of action by which a judgment for deficiency is sought. It is contended on behalf of respondents that, under section 945 of the Code of Civil Procedure, the penal amount of the bond to cover a deficiency should have been fixed by order of court, and that the proofs in the case fail to disclose that any such order was made. The objection is untenable. The bond names the penal sum of two thousand dollars, and recites that this sum is the amount fixed by the judge of the court. The sureties, equally with the principal, are bound by such recital. It may be taken as true against them, and need not be averred in the complaint or proved upon the trial. (*McMillan* v. *Dana*, 18 Cal. 339; *Irwin* v. *Backus*, 25 Cal. 214; 85 Am. Dec. 125; *Hathaway* v. *Davis*, 33 Cal. 161; *Murdock* v. *Brooks*, 38 Cal. 596; *Smith* v. *Fargo*, 57 Cal. 157; Herman on Estoppel, sec. 162.)

In its form the undertaking strictly complies with the provisions of section 945 of the Code of Civil Procedure as interpreted in *Boob* v. *Hall*, 105 Cal. 413. The sureties upon the undertaking bound themselves in the penal sum of two thousand dollars to make good, not only any damage which might arise from waste, but any de-

ficiency judgment which might remain after sale of the mortgaged premises. If the two thousand dollars were consumed by a judgment against the sureties for waste, no recovery could be had against them for deficiency. If, upon the other hand, no damages for waste were recovered, the full amount of two thousand dollars was available to make good any deficiency.

Upon the trial it was shown that there was a deficiency in a sum exceeding eight thousand dollars. It was a deficiency that arose strictly within the terms and provisions of the undertaking. The land sold under foreclosure was the land described in the complaint and mortgage, whatever piece or parcel that may have been. Upon the sale of that land this deficiency resulted. For that deficiency these sureties are responsible to the extent of two thousand dollars. The fact that plaintiff by his action asks judgment for the whole amount of the deficiency does not deprive him of his right to recover that sum which the sureties bound themselves to make good.

The nonsuit upon the second cause of action was, therefore, improperly granted, and the judgment is reversed and the cause remanded, with directions to the trial court to sustain the motion for nonsuit upon the cause of action for waste, and to deny the motion for a nonsuit upon the cause of action for deficiency.

TEMPLE, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.