[S. F. No. 1649. Department Two.—December 11, 1900.]

## C. C. WHEELER, Respondent, v. MARY ELLEN KARNES, Appellant.

JUDGMENT IN FORECLOSURE—STAY BOND UPON APPEAL—INSUFFICIENCY OF SURETIES—SETTING ASIDE VOID SALE.—A stay bond upon appeal from a judgment foreclosing a mortgage is operative, notwithstanding the pecuniary insufficiency of the sureties, until the failure of the sureties to justify after exception taken; and a sale made after the giving of such stay bond, and prior to exception taken to the sureties, is void, and should be set aside upon motion.

ID.—STATUTORY REGULATION OF STAY BOND—EQUITABLE CONSIDERATIONS NOT PERMISSIBLE.—The matter of a stay bond on appeal is one of statutory regulation; and the statute governs irrespective of equitable considerations. The legislature has failed to provide for the contingency of injustice to a judgment creditor by the mere filing of a stay bond with sureties not having sufficient pecuniary liability.

ID.—REPETITION OF SURETIES FOR DIFFERENT SUMS.—A stay bond which is sufficient in form and amount is not vitiated by the fact that some of the sureties are on it twice for different sums.

ID.—ORDER FIXING STAY BOND IN FORECLOSURE—WASTE, OCCUPATION, AND DEFICIENCY—GENERAL AMOUNT—SPECIFICATIONS IN BOND.—The order fixing the amount of a stay bond upon appeal from a judgment foreclosing a mortgage need not specify separate amounts for waste, occupation, and deficiency, but may merely name the whole amount deemed necessary to meet the requirements of section 495 of the Code of Civil Procedure, although the undertaking must contain covenants for each of those matters covered by that section.

APPEAL from an order of the Superior Court of Fresno County refusing to set aside a sale under foreclosure of a mortgage. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

W. P. Thompson, C. C. Merriam, and Lloyd & Wood, for Appellant.

The bond stayed execution until the sureties failed to justify, and the sale made the day after the bond was given was void, and must be vacated. (Code Civ. Proc., secs. 946, 948;

*Duncan v. Times-Mirror Co.*, 109 Cal. 602, 605; *Swasey v. Adair*, 83 Cal. 136; *Schacht v. Odell*, 52 Cal. 447; *Sam Yuen v. McMann*, 99 Cal. 501; *Lee Chuck v. Quan Wo Chong Co.*, 81 Cal. 228, 229; *Boyer v. Superior Court*, 110 Cal. 403.) The amount of the bond was properly fixed by the order of the court; and the undertaking properly specified the covenants required in regard to waste, occupation, and deficiency. (Code Civ. Proc., sec. 945; *Boob v. Hall*, 105 Cal. 413, 419.) The bond was sufficient in form and amount. (Code Civ. Proc., sec. 1057.)

Horace Hawes, and H. H. Welsh, for Respondent.

The order fixing the bond was void for uncertainty, and failure to specify the statutory requirements. (Code Civ. Proc., sec. 945; *Von Schmidt v. Widber*, 99 Cal. 511, 515; *Campbell v. Jones*, 41 Cal. 515; *Boob v. Hall*, 105 Cal. 413.) The bond was an evasion of the statute. (Code Civ. Proc., sec. 1057.) The sureties did not agree to bind themselves to pay the aggregate sums set opposite their names. The motion came nearly one year after the sale, and was without merit.

McFARLAND, J.—Appeal by defendant Karnes from an order refusing to set aside a sale of mortgaged premises under a decree of foreclosure.

Judgment in the foreclosure action was entered November 19, 1896, against the appellant Karnes and others. On April 8, 1897, the appellant took an appeal to this court from the judgment, by giving and serving notice of appeal and filing a three-hundred dollar undertaking, which appeal is still pending.

Afterward the commissioner appointed to sell the mortgaged premises gave notice of a sale thereof to take place June 3, 1897. On May 29, 1897, the judge of the court below made an order fixing the amount of a bond to stay proceedings, under the provisions of section 945 of the Code of Civil Procedure, at three thousand and fifty dollars; and on June 2d appellant filed a stay bond in that amount, and notified the attorneys for plaintiff that such bond had been filed; and on June 3, 1897, before any attempted sale, she notified the commissioner of the filing of such bond and that no exception to the sureties thereon had been made, and objected to and pro-

tested against any sale being made. Nevertheless, the commissioner proceeded on said June 3d and made the sale. On June 16th—thirteen days after the sale—plaintiff excepted to the sureties, and they failed to justify. Afterward, in May, 1898, appellant, on due notice, moved the court to vacate the sale as void because made under the circumstances above stated; and on May 27, 1898, the motion was regularly heard and denied. From the order denying the motion this present appeal is taken.

We think that it was error to refuse to set aside the sale. The fact that after the sale there was an exception to the sureties, and they failed to justify, did not make the bond inoperative at the time the sale was made. The whole matter is one of statutory regulation, and the statute governs irrespective of equitable considerations. The provision of the statute on the subject—section 948 of the Code of Civil Procedure—is that the adverse party may except to the sureties at any time within thirty days after the filing of the undertaking, and that unless the sureties, or other sureties, justify within twenty days thereafter, "execution of the judgment, order, or decree appealed from is no longer stayed." But the execution is stayed until the expiration of the time allowed for the justification; and therefore in the case at bar, as the stay was operative when the sale was made, the latter was unauthorized and invalid. Of course, some injustice might be done a judgment creditor by the filing of a stay bond with sureties not having sufficient pecuniary ability; but the legislature has not made provision for such contingency. (See *Duncan v. Times-Mirror Co.*, 109 Cal. 605.) At the worst the judgment creditor would only suffer some delay through the necessity of postponing the sale until the time had arrived for the justification of the sureties.

The stay bond was sufficient in form and amount; the fact that some of the sureties are on it twice for different sums does not vitiate it, and the affidavits accompanying the undertaking were clearly sufficient.

The order of the judge fixing the amount of the stay bond was proper and sufficient in form. (*Boob v. Hall*, 105 Cal. 413.) It was not necessary for the judge to name in the order separate amounts for waste, occupation, and deficiency. It was

sufficient to name the whole amount which in his judgment would be necessary to meet the requirements of section 495, although the undertaking itself must contain covenants for each of the matters covered by that section.

The order appealed from is reversed.

Temple, J., and Henshaw, J., concurred.