[S. F. No. 6611. In Bank.—October 14, 1913.]

BRADLEY COMPANY (a Corporation), Petitioner, v. HARRY I. MULCREVY, as County Clerk of the City and County of San Francisco et al., Respondents.

APPEAL—JUDGMENT FOR POSSESSION OF LAND—STAY OF EXECUTION—INEFFECTUAL UNDERTAKING—SECOND UNDERTAKING MAY BE GIVEN.— Where an undertaking given to stay execution pending appeal of a judgment for the possession of land is entirely nugatory and ineffectual for that purpose, for want of conformity with statutory requirements, the appellant may, at any time before the execution of the judgment, and without any authorization of the appellate court, file a second undertaking, sufficient in form, which will have the effect to stay the execution.

APPLICATION for a Writ of Mandate directed to the County Clerk of the City and County of San Francisco, and to J. M. Seawell, one of the judges of the Superior Court thereof.

The facts are stated in the opinion of the court.

Stoney, Rouleau & Stoney, and Orville C. Pratt, Jr., for Petitioner.

Brown & Baer, for Respondents.

SLOSS, J.—This is an original proceeding for a writ of mandate requiring the issuance of a writ of possession upon a judgment recovered by petitioner in an action of ejectment instituted by it against Emma R. Bradley. An alternative writ of mandate was issued by this court. Return was made by way of demurrer and answer. The material facts are not in controversy, and may be briefly stated as follows:

Judgment for the recovery of the possession of a parcel of land in the city and county of San Francisco was entered in the superior court of said city and county in favor of Bradley Company, the petitioner herein, and against Emma R. Bradley, on February 15, 1913. On March 26, 1913, the judge of said court made an order fixing the amount of a bond to stay execution of the judgment, so far as it directed delivery of possession, at four thousand three hundred dollars, whereof three hundred dollars was for waste, and four thousand dollars for use and occupation. (Code Civ. Proc., sec. 945.) On March 29, 1913, Emma R. Bradley filed a notice of appeal to this court from the judgment and on the same day filed an undertaking from which we quote this language material to the present case: "And whereas, the appellant is desirous of staying the execution of said judgment so appealed from and to also stay the execution of said judgment for the delivery of possession of the said lands and premises, we do therefore further, in consideration thereof, and of the premises, jointly and severally undertake and promise and do acknowledge ourselves further jointly and severally bound in the further sum of three hundred ($300.00) dollars, being the amount for that purpose fixed by the judge of the court, that during the possession of such property by the appellant, she will not commit, or suffer to be committed, any waste thereon, and that if said judgment appealed from be affirmed, or the appeal dismissed, she will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof, not exceeding the sum of four thousand ($4,000.00) dollars, being the amount for that purpose fixed by the judge of said court."

The petitioner, claiming that said bond was insufficient in form to stay execution, demanded of the county clerk the issuance of a writ of possession. Its demand being refused, it applied to the judge of the superior court for an order directing the clerk to issue such writ. This application, made *ex parte,*

was denied, and when renewed upon notice, was taken under submission. On April 1, 1913, before the renewed motion had been made, the petitioner had served upon Emma R. Bradley notice of exception to the sufficiency of the sureties. On April 14, 1913, she served and filed her notice that the sureties would justify, and on April 18, 1913, they did justify before a judge of the superior court.

Meanwhile, on April 17, 1913, after the notice of motion to direct the issuance of a writ had been given, the appellant filed a second bond, which, as is conceded, was sufficient in form to effect a stay of execution. Thereupon the respondent judge denied the pending motion for the issuance of a writ of possession.

The petitioner makes the claim that the bond first filed was entirely nugatory and ineffectual for want of compliance with the terms of the order fixing the amount of an undertaking to stay execution. It contends that by the said bond the sureties bound themselves in the sum of three hundred dollars only, while the amount required by the judge's order was four thousand three hundred dollars. So contending, it advances the further claim that the appellant, having once filed a stay-bond, was not authorized, except under an order of the appellate court, to file a second bond, even though the first was ineffectual for any purpose.

We do not find it necessary to pass upon the validity of the first undertaking. We recognize the force of the elementary rule that sureties "are entitled to stand upon the express terms of their agreement, and are never implicated beyond those terms." (*Ogden* v. *Davis*, 116 Cal. 32, [47 Pac. 772].) On the other hand, the language of a bond, as of other contracts, is to receive a fair and reasonable interpretation for the purpose of effecting the objects of the instrument. (*London & S. F. Bank* v. *Parrott*, 125 Cal. 472, [73 Am. St. Rep. 64, 58 Pac. 164] ; *Swain* v. *Graves*, 8 Cal. 549 ; *Austin* v. *Union P. Co.*, 4 Cal. App. 610, [88 Pac. 731].) Whether, under a proper application of these rules, the first undertaking should be held to be one for three hundred dollars only, or whether, in view of the qualifying words "being the amount for that purpose fixed by the court" the sum named should not be disregarded as an obvious clerical error, is a nice question which, as we have already said, need not be here decided.

Of course, if the first bond was effectual to stay execution, the petitioner is not entitled to the relief sought. We shall assume, for the purposes of the discussion, that the undertaking was for three hundred dollars only, and that it was therefore entirely nugatory and ineffectual for the purpose of staying execution. On this assumption, it must, we think, be held that the appellant was within her rights in filing a second undertaking, sufficient in form, and that such second undertaking was binding and effective to stay execution.

The Code of Civil Procedure fixes no time within which an undertaking to stay execution must be filed. The undertaking may be given at any time before execution of the judgment. (*Hill* v. *Finnigan,* 54 Cal. 493.) The right to stay execution by the filing of a stay-bond had not, therefore, expired by limitation of time when the second bond was filed. The petitioner contends, however, that the fact that a prior attempt to stay execution by means of a bond had been made (though ineffectually) prevented any further steps in the lower court to stay execution. Reliance is had upon *Hill* v. *Finnigan,* 54 Cal. 493, where the court said that the sections of the code "contemplate but one proceeding to stay the execution below." This declaration, like all expressions in judicial opinions, must be read in the light of the facts under consideration. In the Finnigan case, the appellant had filed a stay-bond sufficient in form. The respondent excepted to the sufficiency of the sureties, and neither they nor other sureties justified. It was with reference to this situation that the court said that no further proceedings could be taken in the court below to effect a stay. Where a bond sufficient in form is filed, but the sureties are in fact insufficient, the undertaking does, until the sureties, after exception, have failed to justify, operate as a stay. During the intervening time, which may extend to fifty days (Code Civ. Proc., sec. 948), the respondent has been prevented from enforcing his judgment, although he may not have had adequate security, or perhaps any substantial security. If, upon the failure of the sureties to justify, the appellant could file a new stay-bond, the same condition might again arise, and it would be possible, by a series of successive bonds executed by insufficient sureties who would fail to qualify, to obtain all the benefits of a stay without furnishing to the respondent the security contemplated by the code. These are

the considerations which led the court, in *Hill* v. *Finnigan,* to the conclusion that the appellant was not authorized, except upon order of the appellate court, to file a second stay-bond where the sureties upon a first had failed to justify. But the situation is entirely different where the original bond fails, in substantial respects, to comply with the form required by statute. Such bond is not effective to stay execution at all. The respondent has the right to enforce execution at once, and his right is of course not impaired by the fact that he may have instituted proceedings for the justification of sureties. We have, then, the case of an appellant who has filed a paper which is entirely void as an undertaking to stay execution. The position of both parties is just the same as it would be if no bond had been filed. The fair conclusion is that a second bond, sufficient in form, may be filed at any time before the judgment has been enforced, as it unquestionably could be if no steps had theretofore been taken to obtain a stay.

Without passing upon the validity of the first bond filed in this case, our holding is that, if said bond be void, the second is binding upon the sureties and is effectual to stay execution.

The alternative writ is discharged and the proceeding dismissed.

Angellotti, J., Shaw, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.