[Civ. No. 6699. Second Appellate District, Division One.—August 28, 1929.]

R. S. HOWLAND, Petitioner, v. J. E. LAMPTON, as Clerk of the Superior Court, etc., Respondent.

Salisbury & McNeil and M. W. Conkling for Petitioner.

Crail, Shutt, Penprase & Miller and Claude A. Shutt for Respondent.

HOUSER, J.—So far as concerns a decision on the application herein for a writ of mandate, the essential facts are that in an action pending in the Superior Court judgment was rendered in favor of the plaintiff, R. S. Howland, and against the defendant, Sallie O. Scott. An appeal was taken by defendant from the judgment rendered against her, and an undertaking to stay execution of the judgment was duly filed. The sureties on the undertaking failed to justify. Thereafter a new undertaking was filed. In due course an objection by the plaintiff to the effect that said second undertaking was insufficient in form was sustained by the trial court. Plaintiff refused to stipulate that a third un-

dertaking might be supplied by the defendant in which the defects appearing in the second undertaking would be corrected; and on the ground of lack of jurisdiction in the premises the trial court refused to grant an order by which the defendant would be permitted to make the necessary correction in the undertaking. At the same time the trial court ordered execution to issue on the judgment. Before such order could be executed, defendant appealed therefrom; and also filed a third undertaking to stay execution of the judgment, which undertaking is alleged by respondent herein to be sufficient in form, and which fact is not denied by the petitioner.

 The purpose of the petition herein is to secure a writ of mandate to compel the clerk of the lower court to issue execution on the judgment.

Without consideration of the effect on the stay of execution of the appeal by the defendant in the action from the order of the trial court directing execution to issue, from a reading of the opinion in the case of *Bradley Co.* v. *Mulcrevy,* 166 Cal. 325 [136 Pac. 60], it is apparent that petitioner is not entitled to the writ for which he prays. In that case, in which the situation was substantially identical in principle with the facts in the instant case, among other things, the court said:

"The Code of Civil Procedure fixes no time within which an undertaking to stay execution must be filed. The undertaking may be given at any time before execution of the judgment. (*Hill* v. *Finnigan,* 54 Cal. 493.) The right to stay execution by the filing of a stay-bond had not, therefore, expired by limitation of time when the second bond was filed. . . . But the situation is entirely different where the original bond fails, in substantial respects, to comply with the form required by statute. Such bond is not effective to stay execution at all. The respondent has the right to enforce execution at once, and his right is, of course, not impaired by the fact that he may have instituted proceedings for the justification of sureties. We have, then, the case of an appellant who has filed a paper which is entirely void as an undertaking to stay execution. The position of both parties is just the same as it would be if no bond had been filed. The fair conclusion is that a second

bond, sufficient in form, may be filed at any time before the judgment has been enforced, as it unquestionably could be if no steps had theretofore been taken to obtain a stay.''

The writ is discharged.

Conrey, P. J., and York, J., concurred.