[L. A. No. 11264. In Bank.—March 30, 1932.]

CHARLES T. HOWLAND, Respondent, v. SALLIE O. SCOTT, Appellant.

[L. A. No. 11265. In Bank.—March 30, 1932.]

ROBERT S. HOWLAND, Respondent, v. SALLIE O. SCOTT, Appellant.

[L. A. No. 11266. In Bank.—March 30, 1932.]

CHARLES T. HOWLAND, Respondent, v. ROY O. SCOTT et al., Appellants.

302

Crail, Shutt, Penprase & Shutt and Claude A. Shutt for Appellants.

M. W. Conkling and Salisbury & McNeil for Respondents.

THE COURT.—A hearing was granted in these consolidated cases after decision by the District Court of Appeal, Fourth Appellate District, because of a conflict in the views expressed therein with the opinion of the court in the related case of *Howland* v. *Lampton*, 100 Cal. App. 462 [280 Pac. 173]. Upon further consideration, we are satisfied with the correctness of the opinion by Mr. Presiding Justice Barnard in the cases consolidated herein, and we disapprove of any contrary conclusions which appear in *Howland* v. *Lampton*, *supra*. The opinion prepared by Mr. Justice Barnard is hereby adopted as the opinion of this court. It reads as follows:

"In this case, a judgment was rendered in favor of the plaintiff and against the defendant, and after a motion for a new trial had been denied, an appeal was taken which is still pending. An undertaking was filed for the purpose of staying execution pending the appeal. The sureties being excepted to, one of them failed to appear at the time and place fixed for their justification. The attorneys for the respective parties then entered into a stipulation that a new undertaking might be filed within five days thereafter, and the sureties might justify within twenty days, it being stipulated that the sureties to the new undertaking would also be excepted to. A new undertaking was not filed within five days, but on the seventh day, one was filed. At the time fixed for the sureties on this second bond to justify, the attorneys for the plaintiff objected to the new undertaking as being insufficient in form, which objection was sustained by the court. On the following day the defendant filed a third undertaking which, it is conceded, is satisfactory in form, and on the same day gave notice to the plaintiff that the same was filed. Two days later counsel for plaintiff gave notice of a motion to strike the last undertaking from the files, and also of a motion for the issuance of an execution. These motions were heard on December 6, 1928, and the court struck from the files the plaintiff's motion to strike the third undertaking, but granted the motion for the issuance of an execution. The defendant has appealed from the order for the issuance of an execution and from the whole thereof.

"The main point raised by appellant is that the court erred in granting the motion for the issuance of an execution, for the reason that at the time this order was made a good and sufficient undertaking for the purpose of staying an execution was on file. It is contended that whatever the effect of the first undertaking filed, that effect was waived by the stipulation of counsel that a second undertaking might be filed. It is conceded that the second undertaking was not filed within the time mentioned in the stipulation, and also conceded that it was not sufficient in form. It is then contended that under the rule laid down in *Bradley* v. *Mulcrevy*, 166 Cal. 326 [136 Pac. 60, 62], the first undertaking was void, and therefore the

third had the effect of staying an execution, since the code fixes no time within which an undertaking to stay execution must be filed.

"Section 946 of the Code of Civil Procedure provides that whenever an appeal is perfected in accordance with the provisions of certain preceding sections, including section 942, all further proceedings in the court below upon the judgment appealed from are stayed. Section 948 of this code gives to the adverse party the right to object to the sufficiency of the sureties on the undertaking mentioned in section 942, and then provides that unless the sureties on such undertaking or other sureties justify within the time named, 'execution of the judgment, order or decree appealed from is no longer stayed'. In *Hill* v. *Finnigan*, 54 Cal. 493, the court said:

" 'But section 948 of the Code of Civil Procedure provides that unless the sureties upon the stay-undertaking, or others in their stead, shall *justify*, "execution of the judgment . . . is no longer stayed". After a careful consideration of the different sections of the code, we are convinced that they contemplate but one proceeding to stay the execution below, and that the failure of the sureties to justify, leaves the plaintiff in a position to enforce the execution of his judgment—a position the advantages of which he cannot be deprived by any further act of appellant in the court below. Otherwise a series of pretended efforts to *justify* might lead to great delay in setting aside the stay, without respondent being afforded any real security, for the payment of his judgment in case it should be affirmed.'

"In *Lee Chuck* v. *Quan Wo Chong Co.*, 81 Cal. 222 [15 Am. St. Rep. 50, 22 Pac. 594, 596], the court said:

" 'Section 946 provides that whenever an appeal is perfected as provided in the preceding sections, proceedings shall be stayed. This must be so without reference to the sufficiency or insufficiency of the sureties. It is only necessary under these sections that a bond be given at the proper time and in due form.

" 'If the sureties are insufficient pecuniarily, the opposite party has his remedy under section 948. He may, as provided in that section, except to the sureties at any time within thirty days after the filing of the undertaking.

And unless they, *or other* sureties,· justify as therein provided, within twenty days after the appellant has been served with notice of such exceptions, ''execution of the judgment, order, or decree appealed from *is no longer stayed''*. That is, the proceedings are stayed until the necessary exceptions are made, and time given for the sureties to justify, and no longer.'

''The fact that the code contemplates but one proceeding in the court below for the purpose of staying execution was again referred to by the Supreme Court in *Tompkins* v. *Montgomery,* 116 Cal. 120 [47 Pac. 1006]. In *Bradley Co.* v. *Mulcrevy, supra,* the Supreme Court again sets forth this rule, stating the reasons therefor, the court saying:

'' 'Where a bond sufficient in form is filed, but the sureties are in fact insufficient, the undertaking does, until the sureties, after exception, have failed to justify, operate as a stay. During the intervening time, which may extend to fifty days (Code Civ. Proc., sec. 948), the respondent has been prevented from enforcing his judgment, although he may not have had adequate security, or perhaps any substantial security. If, upon the failure of the sureties to justify, the appellant could file a new stay-bond, the same condition might again arise, and it would be possible, by a series of successive bonds executed by insufficient sureties who would fail to qualify, to obtain all the benefits of a stay without furnishing to the respondent the security contemplated by the code. These are the considerations which led the court, in *Hill* v. *Finnigan,* to the conclusion that the appellant was not authorized, except upon order of the appellate court, to file a second stay-bond where the sureties upon a first had failed to justify.'

''The court then differentiates the facts in that case from those existing in *Hill* v. *Finnigan,* pointing out the difference between a case where a bond is filed, sufficient in form, but where the sureties fail to justify, the bond actually operating as a stay for a time, and a case where the original undertaking is so deficient in form as not to comply with the statute. It is held that such a bond, so deficient in form, is entirely void and never has the effect of staying an execution at all. In such a case, it is then held that another undertaking may be filed at any

time before the judgment has been enforced, since the code fixes no time within which an undertaking to stay execution must be filed.

■ "We understand these cases as establishing the rule that where an undertaking is filed which is sufficient in form to operate as a stay of execution, pending the justification of the sureties thereon, but where those sureties, or other sureties, fail to justify in accordance with the provisions of section 948 of the Code of Civil Procedure, this constitutes the one proceeding to stay the execution which is contemplated by the code, and a second undertaking may not be thereafter filed or a second proceeding had in the court below. A different situation is presented where the first undertaking is void because of its form, without reference to the justification of its sureties. In the case before us, we find no deficiency in form in the first undertaking filed, and none is pointed out to us. It is conceded that one of the signers of this undertaking failed to justify thereon. ■ While it is suggested that the form of this bond is not sufficient because the wives of the sureties did not sign the undertaking, it neither appears that either of the signers was married, nor if so, that he was not in a position to justify without her signature. This suggestion goes to the sufficiency of the sureties and not to the form of the bond. ■ Nor do we think the stipulation of the parties that a new undertaking might be filed within five days after one of the sureties on the first undertaking failed to appear, is conclusive under the facts existing. It appears that such a new undertaking was not filed until after the five days had expired, and that when filed it was deficient in form, as is now conceded by appellant. Appellant is not relying upon that second undertaking, but upon a third bond filed still later. Assuming that a bond, sufficient in form, and filed in accordance with the terms of the stipulation would have been effective to stay execution, the stipulation did not have the effect of permitting an undertaking to be filed at any time in the future, irrespective of the stipulation, or of the statutes. ■ No sufficient bond was filed in accordance with the stipulation, and we think the question of the effectiveness of the undertaking which was later filed, upon which appellant relies, depends upon the stat-

utes. We conclude that the first undertaking being sufficient in form and actually staying execution for a time, and the sureties thereon, after being excepted to, failing to justify in accordance with the statute and no other sureties justifying within that time, the appellant could take no further proceedings in the court below to effect a stay of execution. As has been pointed out in the cases cited, a contrary rule would enable an appellant, by a series of successive bonds executed by insufficient sureties, to stay an execution without furnishing to the respondent the security provided for in the code.

"The only other point raised by appellant is that the court erred in denying her motion to strike the plaintiff's motion for the issuance of execution. In support of this point, it is urged that counsel for the plaintiff had not complied with rule 20 of the Judicial Council Rules, effective August 1, 1928, in that he had not served and filed with said motion a memorandum of his points and authorities. The record neither shows any such motion made by appellant, any ruling thereon by the trial court, nor any appeal from such a ruling. Neither, it may be observed, does it show any compliance by the appellant with the rule of the judicial council referred to. In any event, the issuance of an execution is a matter that may be done by the court without a motion, unless the same is stayed by a sufficient undertaking, in accordance with the provisions of the code. The only real question here presented is whether, under the facts existing, the third undertaking filed had the effect of staying the execution. For the reasons given, we think this must be answered in the negative."

The orders appealed from are affirmed.