[Civ. No. 19482. First Dist., Div. Two. May 22, 1961.]

I. LUCILE STEWART, Appellant, v. E. E. WHITMYRE et al., Respondents.

J. J. Quill for Appellant.

Moerdyke, Anderson, Evans & Rhodes and Goth & Dennis for Respondents.

STONE, J. pro tem.*—Appellant sold real property to respondents, reserving title to a building alleged to be worth $25,000 located on one of the lots. A controversy arose over appellant's right to move the building to an adjacent lot owned by her. Respondents contended that the agreement by which the lots were sold required appellant to move the building to another locality. An action ensued and judgment was entered confirming appellant's title to the building, but forbidding her to move it onto her adjacent property. To implement the judgment, the court subsequently ordered appellant to move the building from the lot sold to respondents within 10 days. Appellant filed notice of appeal and during a conference among the court and counsel for both parties concerning the removal order, served an undertaking on appeal on the judge and a copy on respondents' counsel. During the discussion counsel for respondents stated that he objected to the sureties on the appeal bond. The judge then advised both counsel that he would consider the matter and give a decision on the sufficiency of the sureties in the near future. The meeting in chambers occurred late Friday afternoon; on the following Monday respondents, without waiting for a ruling on the sufficiency of the sureties, demolished appellant's building. Appellant then abandoned her appeal and filed this action for damages for destruction of her building and of other personal property. Respondents moved for summary judgment and affidavits in support of, and in opposition

---

*Assigned by Chairman of Judicial Council.

to, the motion were duly filed. The motion was granted, judgment was entered, and this appeal followed.

The crux of respondents' motion was that ". . . the structures referred to in the Complaint herein were destroyed by defendant subsequent to the time granted to plaintiff for removal of said structures; that plaintiff made no effort to comply with the Judgment of the Court or the Order of the Court in said Action No. 76630." Had these allegations told the complete story, respondents would have been entitled to the summary judgment granted. The motion, however, completely ignores the vital fact brought out by the affidavit filed on appellant's behalf, that after judgment but before destruction of the building appellant filed notice of appeal and an appeal bond. ■ Filing the bond automatically stayed further proceedings until the appeal was terminated. (Code Civ. Proc., §§ 946, 948, 949; *Bradley Co.* v. *Mulcrevy,* 166 Cal. 325, 328 [136 P. 60].) Thus the destruction occurred during the period when proceedings were automatically stayed. ■ Furthermore, an objection to sureties does not negative the automatic stay which becomes effective upon the filing of an undertaking on appeal. The mere filing of the appeal bond stayed execution of the judgment, including the implementation order, until the objection to sureties and justification of sureties had been determined. (Code Civ. Proc., §§ 946, 948; *Wheeler* v. *Karnes,* 130 Cal. 618, 620 [63 P. 62]; *Howland* v. *Scott,* 215 Cal. 301, 304 [9 P.2d 824]; 3 Witkin, California Procedure, § 46, p. 2194.)

■ It is not denied that it was late Friday afternoon when the judge advised counsel for respondents and appellant that he would take under consideration the oral objection to sureties made by respondents.* Nor is it denied that on the following Monday morning and before determination of objections to sureties respondents demolished appellant's building. Since this destruction occurred after the notice of appeal and filing of undertaking but before the judge had ruled (the record does not reflect that the judge ever ruled on the sufficiency of the undertaking), a justiciable issue was raised. Appellant was entitled to have this issue litigated, rather than deter-

---

*This most unusual departure from the procedure specified in Code of Civil Procedure, section 948, for determining the justification of sureties, is probably explained by appellant's brief in which it is alleged that respondents had previously and unsuccessfully challenged appellant's sureties on her bond for a temporary restraining order (presumably the same sureties before the same judge.)

mined by the proceeding on motion for summary judgment, since it is the purpose of the proceeding to simply determine whether there is a triable issue. ■ This rule is clearly stated in *Coyne* v. *Krempels,* 36 Cal.2d 257, 260 [223 P.2d 244] :

" 'The issue to be determined by the trial court in consideration of a motion [for summary judgment] is whether or not [plaintiff or] defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case.' (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264] ; *Gardner* v. *Jonathan Club,* 35 Cal.2d 343, 347 [217 P.2d 961] ; *Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62] ; *United States Fidelity & Guaranty Co.* v. *Sullivan,* 93 Cal.App.2d 559, 561 [209 P.2d 429].)" (See also *Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal.App.2d 700, 703 [4 Cal. Rptr. 103] ; *Dudum* v. *City of San Mateo,* 167 Cal.App.2d 593, 598 [334 P.2d 968].)

■ Respondents argue that because appellant abandoned the appeal after the destruction of the building, she has no standing in court and no cause of action. This does not follow. The judgment in the original action confirmed title to the destroyed building in appellant and that judgment stands unchallenged. Appellant commenced appeal from that part of the judgment governing her right to remove her building. That appeal was not abandoned until after the destruction of the building and we agree with appellant that to pursue an appeal to determine the manner of removing a nonexistent building would be an idle act. Nor did abandonment of the appeal rectify respondents' destruction of the building at a time when the execution of the judgment and the order enforcing the judgment were stayed.

■ We find no merit in respondents' argument that since the trial judge heard the first trial and had the file thereon before him by stipulation, and that it was he who issued the orders involved and that it was he who made the statement concerning justification of sureties, that he was in possession of facts which enabled him to decide the issue on motion for summary judgment. The judge's familiarity with the case did not detract in the least from appellant's right to have the justiciable issue litigated. As the authorities we have cited above indicate, it is not the province of the trial judge to decide the facts upon hearing a motion for summary judg-

ment, but rather to determine whether there are facts which present a triable issue.

The judgment is reversed.

Draper, Acting P. J., and Shoemaker, J., concurred.